FREDRICKSON MILLING COMPANY, APPELLANT, V. WILLIAM H. FASER, APPELLEE.

FILED MARCH 10, 1933. No. 28659.

*Kennedy, Holland & De Lacy* and *Edward J. Svoboda,* for appellant.

*Stiner & Boslaugh* and *Edmund P. Nuss, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

DAY, J.

This is a compensation case. The only question presented in this case is as to the method by which the wage shall be determined for the purpose of fixing the amount of compensation. The employee claims that the contract of employment was that he was to receive 40 cents an hour, ten hours a day, and six days a week, whether he worked all of that time or not, which would make his weekly wage $24 a week. On the other hand, the employer claims that there was no such contract, and that the weekly wage should be determined on the basis of the average earned for the time he actually worked, which average weekly wage during his employment was $15.55 a week. The trial court found that the contract of employment was for $24 a week and an award was made based upon this weekly wage. The compensation commissioner and the trial court found for the defendant, and plaintiff, employer, appeals.

If the contract is found to be as alleged by the employee, the finding of the district court is correct, but if, on the other hand, the contract of employment is as alleged by the employer, then the award is excessive. The plaintiff attempts to establish the contract of employment by his own testimony, his brother's, and that of the witness Knapp. The defendant testifies to the conversa-

tion at the time he was hired by the foreman for the milling company. According to him, the conversation in substance was during the discussion about the rate of pay, that he said he would pay him 40 cents an hour for ten hours a day and he was to work six days a week, and that the conclusion he drew from this statement was that he was to receive $24 a week, whether he worked all the time or not. At times the mill did not operate on account of either a lack of orders or on account of weather conditions. The plaintiff identified checks which were given to him from time to time in payment for the number of hours for which they were given. The plaintiff testifies that these checks did not come regularly, but an examination of the exhibits shows that the plaintiff was paid almost every week which he worked and that each check was given for a definite and specified number of hours. The plaintiff claims that these checks were given on account. It would seem, however, that the checks were given for a certain number of specified hours for which he had worked and were accepted without complaint by him. This is stronger evidence of the nature of the contract of employment than the testimony of the plaintiff as to his recollection of the terms of the contract. Furthermore, the testimony of the plaintiff is not in conflict with the theory that the plaintiff was to be paid for the hours which he put in, since at the time the parties hoped that conditions would be such that they would be able to work every day.

The brother of the employee claimed to be present at the conversation which the employee had with the foreman of the milling company. He testified that it was his recollection that the compensation that his brother was to receive was 40 cents an hour, ten hours a day, and six days a week. After the employee had been injured and was claiming compensation, the insurance carrier sent him a check for compensation, and this brother, who testified to the contract, wrote a letter to the insurance carrier, for defendant, stating that the check was insuffi-

cient and stating that the employee in this case was entitled to have his weekly wage figured at $14.61 a week and that the compensation check should be for $9.74. He sets out facts concerning employment to sustain his claim. He states in the letter that he wrote it with the authority of his brother. Whether he did or not, it tends to contradict his testimony to the effect that the contract was for $24 a week. The witness Knapp testified that the foreman for the milling company offered Faser 40 cents an hour regularly for ten hours a day and six days a week.

The president of the milling company wrote a letter to the compensation commissioner, the material part of which is as follows: "The rate per hour was 40 cents and Mr. Faser was subject to call at any time during the week or Sundays, and would average a ten hour a day and six days a week, as our business is such that our customers call for feed very irregular and must make shipments on time." This statement of the company's official is not sufficient to establish that the contract. of employment was for wages of $24. The foreman for the milling company was not a witness.

We are constrained to find upon the question of fact as to the contract of employment that it was to pay the employee 40 cents an hour for the time for which he worked in the operation of the alfalfa mill, which was operated out in the open on trackage property and subject to weather conditions, for the actual number of hours that he worked, and that, upon this basis, the weekly wage of the employee was $15.55 a week for the purpose of figuring compensation, and not $24. Upon this finding of fact, the award by the district court was excessive and should be reduced accordingly. The award should be for 126 weeks of temporary total disability at the rate of $10.37 a week, and thereafter for 80 per cent. permanent disability for 174 weeks at the rate of $8.30 a week, and thereafter at the rate of $5.60 a week for life. Credit should be given plaintiff for amount paid on compensa-

tion. The judgment of the district court is reversed and the cause remanded, with directions to enter a decree conformable to this opinion.

REVERSED.