In the Matter of the Claim of JULIA BARLOG, Respondent, against BOARD OF WATER COMMISSIONERS, CITY OF DUNKIRK, NEW YORK, and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 14, 1933.

*H. Dudley Bierau,* for the appellants.

*John J. Bennett, Jr., Attorney-General [Joseph A. McLaughlin* and *Hector A. Robichon, Assistant Attorneys-General,* of counsel], for the respondents.

HILL, P. J. An appeal has been taken from a disability award for three and one-sixth weeks at the rate of eight dollars per week made payable to claimant, the widow of Anthony Barlog, deceased, and from an award of death benefits at the rate of $6.924 per week. Deceased was employed by the board of water commissioners of the city of Dunkirk under the Emergency Relief statutes of the State from February 20 to March 8, 1932. The evidence sustains the

finding that he became disabled on the latter date through freezing the large toe of his right foot while working in an open trench and that his death was occasioned thereby on April 7, 1932, through the development of gangrene. The wage rate is the only subject requiring discussion.

Decedent was without employment for the two years immediately preceding February 20, 1932, and had worked only three days a week during the emergency employment. He received three dollars and twenty cents a day, or nine dollars and sixty cents a week. In the disability award the minimum compensation of eight dollars was allowed. (Workmen's Comp. Law, § 15, subd. 6.) In fixing the death benefits the Board sought to apply subdivision 3 of section 14, and decided that the average weekly wage of an employee of the same class working in similar employment was twenty-three dollars and eight cents, and computed death benefits accordingly. The evidence upon which this amount was fixed was given by officials of the water board, that regular employees working full time for them received at least $1,200 a year.

Chapter 798 of the Laws of 1931, chapter 566 of the Laws of 1932 and chapter 2 of the Laws of 1933 govern emergency employment. The first of these statutes recites that public health and safety are imperiled because certain inhabitants are deprived of the necessaries of life through unemployment occasioned by the economic depression, and that an emergency exists which requires " the furnishing of public aid to individuals." These statutes appropriate State funds, to be augmented by those furnished by local municipalities and private contribution, and create boards to govern the distribution as wages for work to be provided for the unemployed and for those whose employment is inadequate to furnish the necessaries of life.

Loss or diminution of wage-earning ability is the foundation upon which compensation awards and death benefits are computed. " Annual average earnings shall be such sum as, having regard to the previous earnings of the injured employee and of other employees of the same or most similar class, working in the same or most similar employment, or other employment as defined in this chapter, in the same or neighboring locality, shall reasonably represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident." (Workmen's Comp. Law, § 14, subd. 3.) Deceased did not belong to the class of employees who had been and were working full time. The wages received by them did not reasonably represent his annual earning capacity. The premium paid to the insurance carrier is computed upon the actual payroll. Compensation should not be

fixed on a fictitious one. Actualities should control. " The true test is this: What were the average weekly earnings, regard being had to the known and recognized incidents of the employment, including the element of discontinuousness? " (*Littler* v. *Fuller Co.*, 223 N. Y. 369, 372.)

Award of compensation for disability should be affirmed. Award of death benefits should be reversed, with costs against the State Industrial Board, and the matter remitted to the Board for the purpose of having the benefits computed upon the basis of the earnings of those employed under the Emergency Relief statutes.

RHODES, MCNAMEE, CRAPSER and BLISS, JJ., concur.

Award for disability affirmed. Award for death benefits reversed, with costs against the State Industrial Board, and matter remitted to the Board.