THORNE et al. v. INDUSTRIAL COMMISSION et al.

No. 5545.   Decided November 15, 1934.   (37 P. [2d] 779.)

*A. E. Moreton,* of Salt Lake City, for plaintiffs.

*Joseph Chez,* Attorney General, for defendants.

FOLLAND, Justice.

This is a proceeding to review an award by the Industrial Commission of Utah to Nellie Nance Bowen on account of the death of her husband, H. F. Bowen, resulting from in-

jury received while in the employ of A. O. Thorne, a contractor on public road work. The facts are not in dispute. The only question involved in this review is whether the commission, under the facts disclosed by the record, used the proper method in computing the amount of compensation that should be awarded. The award was for $15.32 per week for 310 2/7 weeks. Plaintiff contends it should be only $7.66 per week for such period of time. The employer, A. O. Thorne, had a contract to perform certain work for the state of Utah. The contract which the state road commission made with Thorne provided that the maximum hours of work for any employee should be 30 hours per week. This provision was inserted in the contract pursuant to the requirements of chapter 39, Laws of Utah 1933; section 7 of such chapter being as follows:

"Thirty hours shall constitute a working week, on all works and undertakings carried on by the state, county, or municipal governments, or by any officer of the state or of any county or municipal government. Any person, corporation, firm, contractor, agent, manager, or foreman, who shall require or contract with any person to work upon such works or undertakings longer than thirty hours in one week, except in cases of emergency where life or property is in imminent danger, shall be guilty of a misdemeanor."

The contractor operated his business 7 days a week and 8 hours a day, but in attempting to comply with the terms of his contract and the provisions of the statute, he worked one crew of men from noon on Wednesday until noon the following Wednesday when the first crew laid off and another crew of men were put on the work for a like seven-day period. The deceased employee worked 56 hours in 7 consecutive days but only 28 hours in each calendar week. He was paid on the basis of 50 cents an hour which amounted to $28 for each 7 days he worked or $14 for the time worked in each calendar week. The provisions of the statute touching the question before us are the following (R. S. Utah, 1933):

"42-1-42. The following terms as used in this title shall be construed as follows: * * *

"(8) 'Average weekly earnings' shall mean the average weekly earnings arrived at by the rules provided in section 42-1-70."

"42-1-64. In case injury causes death within the period of three years, the employer or insurance carrier shall pay the burial expenses of the deceased as provided herein, and further benefits in the amounts and to the persons as follows: * * *

"(2) If there are wholly dependent persons at the time of the death, the payment shall be 60 per cent of the average weekly wage, but not to exceed a maximum of $16 per week, to continue for the remainder of the period between the date of the death and six years after the date of the injury, and shall not amount to more than a maximum of $5,000 or less than a minimum of $2,000."

"42-1-70. The average weekly wage of the injured person at the time of injury shall be taken as the basis upon which to compute benefits. Employment shall mean pursuit in the usual trade, business or profession of the employer. Five and one-half or six-day employment shall mean pursuit in the usual trade, business or profession, the usual operation of which is six days or less per week. Seven-day employment shall mean pursuit in the usual trade, business or profession, the usual operation of which is seven days per week. The average weekly wage shall be determined as follows:

"(1) Determine the contract of hire existing at the time of the injury, whether upon year, month, week, day, hour or piece basis.

"(2) Determine whether the employment is operated on a five and one-half, six or seven day basis.

"(3) Determine daily wage as follows:

"(a) If the wage is on an annual basis, and the employment is seven days per week, divide the amount of the annual salary by 364. Result—daily wage. If the employment is five and one-half or six days per week, divide the amount of the annual salary by 312. Result—daily wage.

"(b) If the wage is on a monthly basis, multiply monthly salary by 12 and proceed as above, in (a), to determine daily wage.

"(c) If the wage is on a daily basis no rule is required.

"(d) If the wage is on an hourly basis, multiply the pay per hour by the number of hours employment regularly operates, or, if operation is not regular, use eight hours as a day.

"(e) If the wage is on a piece basis, use the average daily earnings for a reasonable period in which employment has been regular, and divide the amount earned by the number of days worked in such period. If the duration of employment has been too short to determine as above, then use the wage of an average employee, taking into consideration the experience of such employee, and determine as above, in (a).

"(f) If the wage is on part-time basis, and the employment is regular, extend the wage to full-time basis, or use the wage the injured would earn if working full time in such employment, and determine as above, in (a).

"(4) To determine average weekly wage, if the employment is five and one-half or six days per week, multiply the daily wage, as determined by the foregoing method, by 300 and divide by 52. If the employment is seven days per week, multiply the daily wage, as determined above, by 332 and divide by 52.

"(5) To determine weekly compensation, let D represent daily wage:

"If 5½ or 6 days of employment per week—

$$\frac{\text{D} \times 300 \times .60}{52} = \text{weekly compensation.}$$

"If 7 days of employment per week—

$$\frac{\text{D} \times 332 \times .60}{52} = \text{weekly compensation.}$$

"(6) To determine daily compensation, divide weekly compensation by 7. (L. 21, p. 165, § 3142)."

The formula thus explicitly set forth in the statute was followed by the commission in making its computation of compensation. The evidence disclosed that the contract for hire of the deceased employee was on an hourly basis and that the employer operated regularly and continuously 8 hours every day. Using these factors and following the formula in subdivision (3) (d) above, the daily wage was determined to be $4. The employer operated his business 7 days a week which made applicable the second formula in subdivision (5) above, with the following result:

$$\frac{4 \; (\text{D}) \times 332 \times .60}{52} = 15.32$$

The difference of opinion between plaintiff and defendants arises out of the different methods each use in arriving at the daily wage factor. Plaintiff argues that the commission should have used the formula in subdivision 6 of 42-1-70, R. S. 1933, as follows, "To determine daily compensation, divide weekly compensation by 7," which it contends would result in a daily wage of $2 and that two instead of four should be used as the factor (D) in the above formula which, when computed, would result in weekly compensation of $7.66. This argument is based on an erroneous understanding of subdivision 6. It refers to compensation, not wages. In the definition of terms in 42-1-42, compensation is defined: "(6) 'Compensation' shall mean the payments and benefits provided for in this title." This subdivision therefore has no reference to the ascertainment of the daily wage, but merely provides for the division of a computed weekly compensation into terms of daily compensation in any case where such division is required. Subdivision 6 would not be applicable under the facts of this record even if it referred to a determination of the daily wage for the reason that the deceased employee was not hired on a weekly wage basis, his wage being computed according to the number of hours he worked.

The method of computation used by the Industrial Commission was the same as that approved by this court in the case of *Morrison-Merrill & Co.* v. *Ind. Commission*, 81 Utah 363, 18 P. (2d) 295, 298, where the employee, a part-time worker, was awarded a weekly compensation on account of temporary total disability in excess of his actual average weekly wage. This decision is controlling here. In the Morrison-Merrill Case the employee worked only part time at intervals which resulted in an actual average weekly wage of $6.44, while the compensation awarded was $13.85 per week. The decision in that case was very well considered and answers all the objections urged in this case to the use of the formula followed except the argument here made that Bowen was working less than the full working time of the

employment of his employer by reason of the statutory provision that "thirty hours shall constitute a working week." The reasons given in that case need not be repeated here. The court there held the formula of the statute applicable whether the employment of the employee, as distinguished from the employment of the employer, was continuous or intermittent, and said:

"Moreover, the language of the Industrial Act after the amendment of 1921 clearly indicates a legislative intent that when the contract of employment is for a fixed wage per day the amount of compensation to be awarded in case of injury shall be computed upon the basis of the daily wage so agreed upon without regard to whether the employment is continuous or intermittent. * * * We, however, do not deem it of controlling importance whether Mr. Walton's employment was such as to require him to work on a fixed day or days of each week, or a part of certain fixed days, or whether his employment was uncertain, in that he did not know in advance what days his employer would require his services."

Bowen's employment was undoubtedly intermittent. He worked one week, laid off one then worked a week and laid off the next. There is no room in the statutory formula to justify the making of exceptions based on different reasons why the employee's employment is intermittent. The statute requires the same method of computation whether the employer for reasons of his own distributes the work among various employees or does so because the statute compels its distribution. When the employee died as a result of his injuries, his widow was deprived of his entire earning capacity. It is conceded by plaintiffs that "in the off week during which Bowen was not employed, he was at liberty to do work for himself or to accept employment from any one from whom he might obtain the same."

Counsel for plaintiff cites and relies on the following cases: *Budowski* v. *Atlas Steel Casting Co.*, 237 App. Div. 667, 263 N. Y. S. 255; *Barlog* v. *Board of Water Commissioners of City of Dunkirk*, 239 App. Div. 225, 267 N. Y. S. 822; *Romig* v. *Champion Blower & Forge Co.*, 109 Pa. Super. 78, 165 A. 758; *Producers' & Refiners' Corp.* v. *McDougal*,

166 Okl. 60, 26 P. (2d) 210; and *Oklahoma City* v. *Arnold*, 165 Okl. 294, 25 P. (2d) 651. The statutes applied by these cases are quite different from our present statute. They are similar in principle to a provision in effect prior to the amendment of section 3142, Comp. Laws Utah 1917, by Laws of Utah 1921, ch. 67, p. 179, which reads:

"The average weekly wage of the injured person at the time of the injury shall be taken as the basis upon which to compute the benefits."

This court interpreted and applied this statute before amendment in *State Road Commission* v. *Industrial Commission*, 56 Utah 252, 190 P. 544, but in the case of *Morrison-Merrill & Co.* v. *Ind. Commission*, supra, this case was held to be not controlling in a construction of the statute after the amendment of 1921. The above-quoted language was kept in the act by the amendment of 1921, but the Legislature added the specific method or formula by which the average weekly wage must be determined. See *Rylander* v. *T. Smith & Son*, 177 La. 716, 149 So. 434.

The Legislature did not see fit to amend or repeal the specific formulas for computing the average weekly wage and we may not do so by judicial interpretation. If any change in this respect is believed necessary because of the legislation of 1933 restricting hours of labor on public work, the Legislature is the proper body to effect such change.

The award made by the Industrial Commission of Utah is affirmed.

Costs to defendants.

STRAUP, C. J., and ELIAS HANSEN, EPHRAIM HANSON, and MOFFAT, JJ., concur.