In the Matter of the Claim of John W. Kraushmar, Respondent, against L. K. Comstock Co., Inc., and Another, Appellants. State Industrial Board, Respondent.

Third Department, May 15, 1935.

*Frank L. Ward*, for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General in Charge*, and *Hector A. Robichon* of counsel], for the State Industrial Board.

*Frank P. Wigand*, of Local Union No. 3, International Brotherhood of Electrical Workmen, representing claimant-respondent.

BLISS, J. The sole point raised on this appeal is one of wage rate. Claimant's own testimony shows that prior to the accident he had worked for the employer in whose service he was injured for a period of six months, during which time he worked alternate weeks. The Industrial Board has found that claimant did not work substantially the whole of the year immediately preceding the accident and determined his average weekly wage at thirty-five dollars, predicating the same upon the average annual earning of an employee of the same class working substantially the whole of such immediately preceding year in a similar employment, under subdivision 2 of section 14 of the Workmen's Compensation Law. This court said in *Barlog* v. *Board of Water Commissioners, Dunkirk* (239 App. Div. 225): " Deceased did not belong to the class of employees who had been and were working full time. The wages received by them did not reasonably represent his annual earning capacity. The premium paid to the insurance carrier is computed upon the actual payroll. Compensation should not be fixed on a fictitious one. Actualities should control." The Court of Appeals has said that the element of discontinuousness of employment must be taken into consideration in the determination of the average weekly earnings. (*Littler* v. *Fuller Co.*, 223 N. Y. 369, 372.) By applying subdivision 2 of section 14 to the facts in this case the Industrial Board has disregarded entirely the element of discontinuousness. This subdivision did not reasonably and fairly apply here because such application disregards the element of discontinuousness of claimant's employment. A fictitious wage rate has been set up. Such was not the intention of the Legislature. The claimant's annual average earnings should have been computed under subdivision 3 of section 14 and based upon claimant's actual earnings.

RHODES, McNAMEE and CRAPSER, JJ., concur; HILL, P. J., dissents.

Award reversed and matter remitted, with costs against the State Industrial Board to proceed in accordance with opinion.