LLOYD DRUM, APPELLEE, V. OMAHA STEEL WORKS, APPELLANT.

FILED JUNE 7, 1935. No. 29529.

*Clarence T. Spier* and *Arthur C. Bailey,* for appellant.

*Garlow & Long, contra.*

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and MESSMORE and RYAN, District Judges.

DAY, J.

This is a compensation case. The employer appeals from the award made by the trial court. The employer was the contractor to construct a bridge over the Loup river south of Columbus. It was a federal aid project and the contract provided that certain provisions of the emergency relief and construction act should be applicable to the work. One of the provisions both of the federal law and the contract was that skilled labor should not be per-

mitted to work more than 30 hours in any one week and that the minimum wage for skilled labor should be 50 cents an hour.

The important consideration here, however, is the contract of employment between the employer and the employee. The only significance to be attached to the construction contract is the help it will give us, if any, to determine the contract of employment. There is no question that the employee was injured in the course of his employment. As a result of the injury, he lost his thumb and injured his index finger on his left hand. The trial court awarded compensation on the basis of a weekly wage of $30. The only complaint registered here is that this finding is erroneous. The employer contends that the weekly wage should be $15 a week and has paid compensation. The employee insists that he was working part time and that his weekly wage for an entire week would be $30. The emergency relief and construction act of 1932 provided that public works constructed under the provisions of the act should employ men only for 30 hours a week. It was the idea that this would provide some employment for a greater number of men. While this federal enactment does not abrogate the provisions of the workmen's compensation law of the state, the federal government could provide that the contract should contain the same conditions. The contract in this case between the state of Nebraska and the Omaha Steel Works did contain these provisions.

The controversy here arises over the method of computing the weekly wage of the employee at the time of the injury. Compensation is awarded solely according to the provisions of the statutes. Section 48-117, Comp. St. 1929, provides: "Compensation shall be calculated with reference to the wage the workman was receiving from the person by whom he was immediately employed at the time of the injury." The wage the employee was receiving at the time is computed under the provisions of section 48-126, Comp. St. 1929, which says: "Wherever in this article the term 'wages' is used, it shall be construed to mean the money

rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident." It is necessary to examine the contract of hiring in force at the time of this accident. The plaintiff testifies that he was hired to work on the construction of a bridge which was a federal project; that he was to be paid 50 cents an hour for 30 hours a week; that it was his understanding at the time he was employed that he would not work more than the 30 hours at 50 cents an hour, which would make his weekly earnings $15 a week. Other testimony abundantly supports a finding that the contract of hiring between the employer and employee was for 30 hours of work a week at 50 cents an hour. This would make the employee's weekly wage $15 a week. Wages under the workmen's compensation act shall be computed ordinarily according to the terms of the "contract of hiring" in force at the time of the accident. *Fredrickson Milling Co. v. Faser,* 124 Neb. 531. It is self-evident that if the prevailing wage had been higher the compensation would have been more.

There was a very earnest discussion by the attorney for the appellee relative to the beneficient purposes of the workmen's compensation act. This court has always given the workmen's compensation act a liberal interpretation that it might accomplish the purpose and intention of the legislature. But, after all, the relief available must be provided by the statute. The statute fixes the liability of the employer. The evidence determines the contract of hiring in force at the time of the accident. It was for a thirty-hour week at 50 cents an hour.

Two Nebraska cases are cited by the employee. *Davis v. Lincoln County,* 117 Neb. 148, is not helpful in solving this problem. Davis was employed by the county to do the necessary work to keep some bridges in order, including reparation of damage from floods. There it was said: "The nature and surroundings of the transaction and which were necessarily in contemplation of the parties to the contract were such as to support the further conclusion

that a '7-day week' of labor was within the contemplation of the parties; for only in that way could the exigencies of the situation be met." *Sentor v. City of Lincoln,* 124 Neb. 403, holds an employment for one day not casual under the statute because employed in the regular business of the employer. In this case the employee worked one day and was open for other employment. In *Dietz Club v. Niehaus,* 110 Neb. 154, the questions presented related to casual employment and failure of employer to carry insurance. The opinion is not very helpful here. In the case at bar, the employee was required to work a thirty-hour week. Apparently, from the record, he did not work any given three days a week, but was required to work thirty hours a week as the employer required his services.

Several cases from other jurisdictions have been cited to support the employee's position. In *Modin v. City Land Co.,* 189 Minn. 517, it is apparent that the court applied the Minnesota statute to determine the weekly wage. There the weekly wage was calculated by multiplying the daily wage by five and one-half, as provided by the statute. Our statute does not so provide.

Lastly, we are cited to several Louisiana cases. In *Rylander v. T. Smith & Son,* 177 La. 716, the weekly wage was computed by "adhering to the plain words of the statute and fixing the compensation on the basis of the 'daily rate of pay.'" At the time of the accident the employee was not working full time on account of lack of business, but was subject to work all the time. In *Calhoon v. Meridian Lumber Co.* (1934) 151 So. (La. App.) 778, the employee had been working about half time for several months due to economic conditions. This conclusion was reached with reference to the Louisiana statute. An examination of the statute apparently in effect at the time the above cases were decided reveals that the term "wages" is defined as the daily rate of pay under the contract of hiring in force at the time, instead of the weekly rate under such a contract as here. However, in a later case, also decided in 1934, *Suire v. Union Sulphur Co.,* 155 So. (La.

App.) 517, that court decided that emergency federal legislation to provide relief employment must be taken into consideration in the administration of the workmen's compensation act. See, also, *Durrett v. Unemployment Relief Committee*, 152 So. (La. App.) 138. There it was said: "We believe that his right to recover on that basis (six-day week) exists only where there is no agreement limiting the number of days per week he is engaged to work." Specifically, we do not pass upon the effect, if any, of federal legislation to promote employment upon the compensation law. It seems unnecessary here, since the determining factor is the contract of hiring in force at the time of the accident, under section 48-126, Comp. St. 1929.

The judgment of the district court is reversed and the cause remanded, with directions that the trial court compute the weekly wage at $15 a week and award compensation accordingly.

REVERSED.