GEORGE W. GORHAM, APPELLANT, v. PETER KIEWIT SONS COMPANY, APPELLEE.

FILED JUNE 7, 1935. No. 29535.

*Craft, Edgerton & Fraizer,* for appellant.

*T. E. Sullivan, Lowell C. Davis* and *Hall, Cline & Williams,* contra.

Heard before Goss, C. J., Good, Day, Paine and Carter, JJ., and Messmore and Ryan, District Judges.

Day, J.

This is a compensation case. The plaintiff here was an unskilled laborer employed to work 30 hours per week at 40 cents per hour. Under this employment he actually received $12 per week. The trial court found that the employee's weekly wage under the contract of hiring in force at the time of the accident was $12 per week and awarded compensation accordingly. The employee claims compensation on the basis of a weekly wage of $24. The employer, as contractor, was engaged in building a bridge which was a public works administration project in Hamilton county. The plaintiff was employed by the defendant through the national reemployment service to work for only, and not more than, 30 hours per week. This was his understanding and agreement at the time he entered the employment of defendant. Under this contract of hiring which was in force at the time of the accident, his weekly wage was $12 per week.

In the recent opinion of *Drum v. Omaha Steel Works*, ante, p. 273, it was determined that under the workmen's compensation law the award should be made upon the weekly wage provided by the contract of hiring in force at the time. The discussion will not be repeated, but is adopted here.

An examination of the record reveals that Gorham was employed by the defendant to work not more than 30 hours per week at 40 cents per hour. It is concluded that the weekly wage was $12 per week. The employment was not in an occupation that was seasonal or dependent on the weather, under section 48-126, Comp. St. 1929. *Davis v. Lincoln County*, 117 Neb. 148; *Lincoln Gas & Electric Light Co. v. Watkins*, 113 Neb. 619; *Dietz Club v. Niehaus*, 110 Neb. 154; *Hogsett v. Cinek Coal & Feed Co.*, 127 Neb. 393.

The judgment of the trial court conforms to the provisions of the workmen's compensation act.

AFFIRMED.