AMERICAN SMELTING & REFINING CO. v.
INDUSTRIAL COMMISSION OF UTAH et al.

No. 5703. Decided June 18, 1937. (69 P. [2d] 271.)

*Bagley, Judd & Ray* and *A. H. Nebeker*, all of Salt Lake
City, for plaintiff.

*Joseph Chez*, Atty. Gen., and *Grover A. Giles*, Deputy
Atty. Gen., for defendants.

MOFFAT, Justice.

It is agreed by the parties to this proceeding that there
is but one question presented for consideration. Review is
sought for the purpose of determining whether the Indus-
trial Commission of Utah erred in computing the rate of
compensation by applying the provisions of subsection 3
(f) of section 42-1-70, R. S. Utah 1933.

The subsection, and those that must be construed there-
with, read:

(3) (f) "If the wage is on part-time basis, *and the employment is regular,* extend the wage to full-time basis, or use the wage the injured would earn if working full time in such employment, and determine as above, in (a)." (Italics ours.)

(3) "Determine daily wage as follows: "(a) If the wage is on an annual basis, and the employment is seven days per week, divide the amount of the annual salary by 364. Result—daily wage. If the employment is five and one-half or six days per week, divide the amount of the annual salary by 312. Result—daily wage."

The preliminary part of section 42-1-70, supra, and of which the subsections just quoted are a part, reads:

"The average weekly wage of the injured person at the time of injury shall be taken as the basis upon which to compute benefits. Employment shall mean pursuit in the usual trade, business or profession of the employer. Five and one-half or six-day employment shall mean pursuit in the usual trade, business or profession, *the usual operation of which is* six days or less per week. Seven-day employment shall mean pursuit in the usual trade, business or profession, *the usual operation* of which is seven days per week." (Italics ours.)

It is admitted that Len Delich was an employee of plaintiff; that while so employed he was killed by reason of an accident arising out of and in the course of his employment; that he left dependents who are entitled to compensation as provided by law; that *the usual operation of the business* of the employer was continuous or, in terms of the statute, was "seven days per week"; that Delich worked but five days per week.

The Industrial Commission found:

"The mine worked seven days per week regularly; the applicant was permitted to work but five days and therefore worked part time."

The daily wage amounted to the sum of $5 per day, working eight hours per day and five days per week. The National Industrial Recovery Act (48 Stat. 195) permitted deceased to work but forty hours per week. This week was divided into five days of eight hours each.

The formulas provided by section 42-1-70, supra, may be, and probably are, purely arbitrary rules provided for determining compensation in industrial cases. The number of hours constituting an industrial day, an industrial week, the factor to be used as an industrial year based upon a seven-day week, the industrial year based upon a six-day week, and many other more or less arbitrary factors enter into the calculations necessary to determine compensation under the Workmen's Compensation Act (Rev. St. 1933, 42-1-1 et seq.).

The position taken by plaintiff is that because the National Industrial Recovery Act (48 Stat. 195) fixes eight hours per day and forty hours per week for employment under the emergency recovery act, five days per week of eight hours each constitutes the basis of the weekly wage and is full-time employment. Had the Industrial Recovery Act amended or suspended the provisions of section 42-1-70 of the Revised Statutes of Utah 1933, the contention might be meritorious.

We are of the opinion the facts found by the commission require the application of those facts to the section of the statute referred to, and that the employee at the time of the fatal injury, within the facts found, required the fixing of the wage on a part-time basis.

The statute provides methods specifically for determining the daily and weekly wage upon a five and one-half, a six, and a seven day basis—upon an hourly and piece basis. In the instant case the payment was fixed upon a daily amount; the employment was regular. None of the methods provided in the statute were available under the facts except the method used by the Commission.

Plaintiff contends the decision is erroneous because the commission in effect extended the five-day employment to an employment of seven days a week; which, it is argued, amounts to a 40 per cent increase in the weekly compensation. The business was a seven-day a week business; the employment was regular but not continuous for any of the

specified terms referred to in the statute as an employment week. No five-day week formula is provided unless it falls within the part-time basis of employment.

In two recent cases this section of the statute has been before the court. In the case of *Morrison-Merrill & Co.* v. *Industrial Commission*, 81 Utah 363, 18 P. (2d) 295, the formula for the five and one-half or the six day week was held applicable, using the daily wage multiplied by 300, divided by 52, and taking 60 per cent thereof. Cases are rare where the facts are identical.

Although differing somewhat on the facts, we think that case supports the conclusion here reached, as does also the case of *Thorne* v. *Industrial Commission*, 84 Utah 572, 37 P. (2d) 779, 781. In the former the employer operated the business on a five and one-half day week, in the latter upon a seven-day week. In the latter case the daily wage multiplied by 332, divided by 52, and 60 per cent thereof taken, was held applicable. In the former case the employment was intermittent but regular, in the latter regular but continuous for seven days constituting the last half of one week and the first half of the following week, then discontinuing work for seven days, the periods thus established alternating to give employment to more persons and as required by the statute and contract relating to the public employment in which the employee was at that time engaged, required the employer to employ his employees on the work in question but thirty hours per week.

"The statute requires the same method of computation whether the employer for reasons of his own distributes the work among various employees or does so because the statute compels its distribution. *Thorne* v. *Industrial Commission*, supra.

Plaintiff cites *Drum* v. *Omaha Steel Works*, 129 Neb. 273, 261 N. W. 351. The Nebraska statute (Comp. St. 1929, § 48-126) provides that

"whenever * * * the term 'wages' is used, it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident."

The case of *Gorham* v. *Peter Kiewit Sons Co.*, 129 Neb. 277, 261 N. W. 353, is to the same effect. It is apparent that the Utah statute is so different as to render the Nebraska cases inapplicable. Cases cited from other jurisdictions under different statutes do not aid us materially in the construction of the Utah statute. Some of the cases have held the Industrial Recovery Act controlling. As heretofore indicated, we do not find it to have affected or superseded the specific terms of the Workmen's Compensation Act.

The award made by the commission is affirmed.

FOLLAND, C. J., and HANSON and LARSON, JJ., concur.

WOLFE, Justice (concurring).

Plaintiff advances an able and appealing argument to the effect that since five days a week was the full time it could employ the deceased employee, such must be the working week for the basis of computation of compensation; that to base compensation on a seven-day week when he could not under the law work more than a five-day week is to give him a better basis for disability wages than ability wages; that on such basis, a workman might be better off in some cases under compensation than under wages. For instance, if the code should shorten the work week to three days and the wage should be $5 a day under the basis used by the commission, the compensation would be the maximum of $16 (60 per cent of 7x5=21, making the maximum of $16 apply) whereas the actual wage would be $15.

Alluring as the argument is, I think it must fail. It is true that under the compulsory shortened work weeks, some amendments to the act may be needed, but the fact that an employee may get more as a disability wage than as an ability wage may be chargeable to an industrial economy which in the first place may have cut the ability wage far below its justifiable figure. Should one who is injured have his disability wage cut to an unjustifiable figure because our national economy failed to give him a sufficient wage

when working? When an employee is injured, not only is his compensation generally less than his wage, but he is rendered incapable during the period of injury of finding more remunerative work. It is admitted that it may require closer scrutiny for malingerers.

The statute recognizes only a five and one-half, a six, and a seven day week. The fact that by agreement of companies under a code or by imposition by law, the maximum working hours or days are fixed, cannot change the outside limits of the week as a basis for computation of compensation. It must be considered not that the law fixed a different week superseding the week as fixed by the Industrial Commission Act, but that the law imposed part time as compared to what the employee might work if not restrained. Hence, the "part time" provision, section 42-1-70 (3) (f), R. S. Utah 1933, applies. If the law should, in order to distribute employment, cut down the permitted days per week to two, the workman would under plaintiff's theory receive only 60 per cent of $10 or the minimum of $7 per week compensation. This suggests the reverse of the question asked by plaintiff. Why should the workman suffer in his disability wage because the law, without his consent, requires him to accept a smaller wage when well? I concur.