NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

SYLVIA CALASCIBETT, PETITIONER, v. HIGHWAY
FREIGHT COMPANY, RESPONDENT.

Decided February 20, 1940.

For the petitioner, *Sidney Finkel*.

For the respondent, *Walter W. Hubley*.

Petitioner is the widow of Antonio S. Calascibett, who was killed on August 24th, 1938, while he was operating a truck in the employ of the respondent, Highway Freight Company.

The facts in this case are not in dispute. Petitioner's deceased husband was employed by respondent, Highway Freight Company, on May 17th, 1938, under an agreement for the payment of *wages by the trip,* at the rate of $25 per trip. Decedent worked on long-haul trips to Buffalo and other long distance points for which the respondent paid him $25 a trip. Decedent commenced work on May 17th, 1938, at ten P. M., and continued to make regular trips in the respondent's employ and worked to August 24th, 1938, eight A. M., when the accident occurred, resulting in his death. During said period he made twenty-one trips and earned $525 in pay.

\*　　\*　　\*　　\*　　\*　　\*　　\*

Decedent was a member of the Teamsters and Chauffeurs Union, Local 478, and worked under a union agreement with respondent providing for six days as constituting an ordinary week.

The question presented in this case, is how, under the law, are decedent's wages to be computed to determine the basis for the compensation to be paid? The statutory provisions for computing wages as applicable to this case, are as follows:

2 *R. S.* 34:15-37. Wages; Computation. "Wages, when used in this chapter, shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, and shall not include gratuities received from the employer or others. Board and lodging when furnished by the employer as part of the wages shall be included and valued at five dollars per week, unless the money value of such advantages shall have been otherwise fixed by the parties at the time of hiring. *Where prior to the accident, the rate of wages is fixed by the output of the employe, the daily wage shall be calculated by dividing the number of days the workman was actually employed into the total amount the employe earned during the preceding six months, or so much thereof as shall refer to employer.* Where the rate of wages is fixed by the hour, the daily wage shall be found by multiplying the hourly rate by the customary number of working hours constituting an ordinary day in the character of the work involved. *In any case the weekly wage shall be found by multiplying the daily wage by five, or if the employe worked a greater proportion of the week regularly, then by five and one-half, six and one-half or seven, according to the customary number of working days constituting an ordinary week in the character of work involved.* Five days shall constitute a minimum week.

There are two dependents, the petitioner, and a son, Richard Thomas, who was born February 3d, 1935.

Both the attorney for the petitioner and the attorney for the respondent have submitted memorandum on the question of rate. They are both of the opinion that the decedent should be classified as a piece worker and the rate computed on that basis as provided in the aforementioned section of the statute.

I do not agree with either of them in their placing the decedent in the classification of a piece worker.

Standard dictionaries define a piece work as "work done or paid for by the piece or quantity."

The earning based upon the output of an employe depends upon his capacity, skill, success or good fortune. Our statute provides for the procedure to be followed to compute the rate applicable. But in my opinion this provision is not applicable here.

An exhaustive search of the cases of this state and of sister states, do not reflect any case synonymous with the one *sub judice*. In *O'Donnell* v. *South Fayette School District,* 161 *Atl. Rep.* 887, where an employe was allowed $10 to clean a school room and there was evidence that the labor agreed to could be performed in three days, it was held not error to base weekly rate at $20.

Decedent's rate was not based upon the output but based upon the time to complete a particular trip.

A careful study of the payroll record reflects that the average trip took approximately three days to complete. On a six-day week, decedent could complete two trips. His rate per trip was $25 and his weekly earning capacity would then be fifty dollars ($50) per week.

I am, therefore, holding that compensation should be based upon a wage of $50 per week and am awarding compensation as follows:

Forty per cent. of $50 per week, based upon two dependents, or $20 per week for three hundred weeks from August 24th, 1938.

Thirty-five per cent. of $50 per week or $17.50 per week from expiration of three hundred weeks to February 2d, 1951, when Richard Thomas will be sixteen years of age.

This award is subject to modification as provided by the act in case of remarriage or death of widow before expiration of three hundred weeks or death of Richard Thomas at any time prior to his attaining the age of sixteen.

\*          \*          \*          \*          \*          \*          \*

It is, therefore, \* \* \* ordered, that judgment be entered in favor of the petitioner and against the respondent as aforementioned.

JOHN C. WEGNER,
*Deputy Commissioner.*