GENE JOHNSEN, A MINOR, THROUGH AND BY HIS FATHER
AND NEXT FRIEND, GEORGE JOHNSEN, APPELLANT, V.
BENSON FOOD CENTER ET AL., APPELLEES.

9 N. W. (2d) 749

FILED MAY 28, 1943. No. 31599.

*Gilbert S. Brown*, for appellant.

*Sam Klaver* and *Emmet S. Brumbaugh*, contra.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This is an action under the workmen's compensation laws by Gene Johnsen, a minor, by George Johnsen, his father and next friend, plaintiff and appellant, against Benson Food Center, a corporation, and Harold Victor Jensen, defendants and appellees.

It is the claim of plaintiff that on September 13, 1941, the defendant, Benson Food Center, owned and operated a combined grocery store and meat department at 6110 Military avenue in Omaha, Nebraska, and that the meat department was operated by the defendant, Harold Victor Jensen, under an arrangement whereby both defendants were liable under the workmen's compensation laws for an accidental injury sustained by plaintiff. It is suggested in the briefs that the arrangement was in the nature of a partnership or joint enterprise in which the two defendants were engaged.

The record establishes conclusively that plaintiff sustained an injury, compensable under the workmen's compensation laws, in the meat department at 6110 Military avenue on September 13, 1941, the particular character of which was the severance and loss of the first, second and third fingers on his left hand. There is further no question that the defendant, Harold Victor Jensen, is liable therefor.

The defendant, Benson Food Center, has at all times disclaimed any liability in the premises. The findings and judgment of both the workmen's compensation court and the district court absolved this defendant from liability. From the findings and judgment the district court in this connection and from the schedule of compensation applied as to Harold Victor Jensen, the plaintiff has appealed.

The plaintiff relies for the most part upon inferences to be drawn from the testimony offered on the part of the defendants to establish a relationship which would cause them to be jointly or severally liable for compensation in favor of plaintiff. The record discloses that the Benson Food Center is owner and operator of the grocery store in question and that in the store, set apart from the grocery department, is a meat department which was operated exclusively by Harold Victor Jensen, under an oral lease from month to month. The grocery department had no control over the meat department and neither did the meat department have control over the grocery department. As a part of the business of the meat department the grocery department took meat orders along with grocery orders, had them filled and delivered with groceries. Payments for such meats were made to Jensen by Benson Food Center at the close of each business day. Jensen had no key to the premises and had no access thereto except through the management of Benson Food Center.

On the matter of employment, the plaintiff had, prior to September 13, 1941, been employed by Benson Food Center, but by agreement with Jensen he went to work for him on Saturday, September 13, 1941, whereby he was to be employed in the meat department regularly on Saturdays for

$3 per day. It was not contemplated that he was to be employed on any other days since he would be in regular attendance at high school. On the first day of this employment, while grinding meat, he sustained the injury for which compensation is sought.

Clearly under the evidence nothing has been disclosed which could cause liability for the injury and for compensation to attach to Benson Food Center. The evidence discloses only a subtenancy and separate enterprise on the premises in Harold Victor Jensen. The judgment of the district court in this respect must be sustained.

The workmen's compensation court, and in turn the district court, awarded compensation on the basis of $3 per week on the theory that this was the weekly wage of plaintiff under his contract of hiring within the meaning of section 48-126, Comp. St. Supp. 1941.

The plaintiff contends that notwithstanding the fact that his contract of hiring required that he work but on Saturday of each week his weekly wage, for the purpose of fixing the rate of compensation, should be computed on the basis of a six day week at $3 per day or $18 per week, which would give him a compensation basis of $12 per week.

This contention of the plaintiff cannot be sustained unless we are to overrule the previous interpretations placed on this statutory provision by this court. *Drum v. Omaha Steel Works,* 129 Neb. 273, 261 N. W. 351; *Gorham v. Kiewit Sons Co.,* 129 Neb. 277, 261 N. W. 353.

In *Drum v. Omaha Steel Works, supra,* the court quoted from section 48-117, Comp. St. 1929: "Compensation shall be calculated with reference to the wage the workman was receiving from the person by whom he was immediately employed at the time of the injury." This was followed by the following from section 48-126, Comp. St. 1929, which language now appears in section 48-126, Comp. St. Supp. 1941: "Wherever in this article the term 'wages' is used, it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident."

Following the statutory quotations the court said: "The plaintiff testifies that he was hired to work on the construction of a bridge which was a federal project; that he was to be paid 50 cents an hour for 30 hours a week; that it was his understanding at the time he was employed that he would not work more than the 30 hours at 50 cents an hour, which would make his weekly earnings $15 per week. Other testimony abundantly supports a finding that the contract of hiring between the employer and employee was for 30 hours of work a week at 50 cents an hour. This would make the employee's weekly wage $15 a week. Wages under the workmen's compensation act shall be computed ordinarily according to the terms of the 'contract of hiring' in force at the time of the accident. *Fredrickson Milling Co. v. Faser*, 124 Neb. 531. It is self-evident that if the prevailing wage had been higher the compensation would have been more."

It is contended by plaintiff that *Cole v. M. L. Rawlings Ice Co.*, 139 Neb. 439, 297 N. W. 652, is a controlling precedent here. With this contention we cannot agree. There is a clear distinction between this case and that one. There the daily wage was certain but the employment was not continuous or certain. Here the wage was certain and the employment was continuous under the contract of hiring.

The statutes failed to provide a specific basis for determination of the compensation rate in *Cole v. M. L. Rawlings Ice Co., supra,* hence it became necessary to employ a basis for the fair ascertainment of average weekly earnings. One was adopted which was undoubtedly favorable and fair to the employee. In the present case no such discretionary action is allowable. The statute requires that the contract of hiring rate shall be applied in fixing the rate of compensation to be awarded. That rate is $3 per week.

We observe no ground or reason for a departure from the interpretation previously placed on this statute. We must assume that this interpretation expresses the intention of the legislature in its enactment since it has been

convened in regular session four times since the publication of the opinion in *Drum v. Omaha Steel Works, supra,* without legislative expression of a contrary intent.

The judgment of the district court is affirmed.

AFFIRMED.