FRANK REDFERN, BY B. F. MOORE, GRANDFATHER AND HIS NEXT FRIEND, APPELLANT, V. SAFEWAY STORES, INC., ET AL., APPELLEES.

16 N. W. 2d 196

FILED NOVEMBER 3, 1944. No. 31876.

*Albert S. Johnston,* for appellant.

*Cline, Williams & Wright, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

This is an action brought under the Nebraska workmen's compensation law (Comp. St. 1929, ch. 48) by Frank Redfern, a minor, by B. F. Moore, grandfather and his next friend, plaintiff and appellant, against Safeway Stores, Inc., and Hartford Accident and Indemnity Company, defendants and appellees. It is undisputed that the plaintiff sustained an injury in the course of his employment compensable under the workmen's compensation law.

On April 4, 1942, while employed in the capacity of a clerk in the meat department of a Safeway Store at Holdrege, Nebraska, the fingers and thumb of plaintiff's right hand were caught in an electric powered meat grinder, requiring the amputation of all four fingers, and also resulting in injuries to the first phalange of the thumb to the extent of 30 per cent loss of the use thereof. The case was first tried before a judge of the compensation court, resulting in an award being granted on April 17, 1943, finding the plaintiff suffered temporary total disability from and after April 4, 1942, to and including June 7, 1942, a period of nine weeks, at which time the temporary total disability was terminated and was immediately followed by 80 per cent permanent partial disability for the loss of use of the plaintiff's right hand from and after June 7, 1942, for a pe-

riod of 140 weeks. As provided in subdivision 3, sec. 48-121, Comp. St. 1929, he was allotted compensation in the sum of $6 per week for the entire period of time. Subsequently, a rehearing was had before the entire compensation court and the award granted October 7, 1943, extended the time of temporary total disability to 14 weeks. The compensation court adjudged plaintiff entitled to 80 per cent permanent partial disability for a period of 140 weeks, fixing the compensation rate at $6 per week. By agreement, the case was tried in the district court upon the pleadings filed in the workmen's compensation court and the record of testimony taken therein. The district court affirmed the decree of the Nebraska workmen's compensation court. Plaintiff appeals.

Plaintiff's first contention is that his employment was not continuous but intermittent, and that both the contract of employment and the actual facts disclosed only part-time or intermittent employment; that his compensation therefor should be calculated according to the first part of section 48-126, Comp. St. Supp. 1941, reading: "Wherever in this article the term 'wages' is used, it shall be construed to mean the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident, * * * ."

The record discloses that the unit manager for the Safeway Stores at Holdrege made arrangements with the plaintiff whereby the plaintiff was to work in the meat department of the store each weekday evening from 4 o'clock or a little thereafter until 6 p. m., and on Saturdays ordinarily from 8 a. m. until 12 midnight, and at different times work extra hours in emergencies. At other times during the day plaintiff was attending high school and had no other source of employment. Plaintiff testified that he devoted about 24 hours a week to his employment in the store and 30 hours a week at high school, and also devoted from four to six hours a week in study preparation for high school. At the time of his injury he was paid the sum of 40 cents per hour and received his wage each week. The

amount of pay varied according to the working hours. For overtime work he was paid at the same rate per hour. Upon coming to work he obtained his apron, started his work, and was not required to report to the manager. There were times when he was called in emergencies when the butcher would not be there. He was employed on September 5, 1941, and was told at that time to come to work at 4 o'clock weekdays and 8 o'clock on Saturdays; was informed of his regular hours of employment except for emergencies. He stated that he had regular employment. Certain exhibits, pay roll vouchers of the employees of the store, are in evidence, covering the period of employment of plaintiff from the week ending October 4, 1941, the first week he worked, to the week ending April 4, 1942, the day of the accident and the last week he worked. These vouchers show the actual rate of pay, and net amount paid to the employee. All the vouchers are signed for each week by the plaintiff except the one ending April 4, 1942, the week of the accident, which is signed by a brother. The vouchers show a continuous course of employment and the average number of hours worked each week, the total showing 584 hours worked and the weekly earnings totaling $183.42, or an average of $7.05 a week, and the average hours worked per week of 22½. There is also shown that on some work days, few in number, during the course of the 26 weeks, the plaintiff did not work, due to a decline in that particular line of business.

From this evidence we conclude that the contract of hire was for 30 cents per hour, then raised to 40 cents per hour, for the number of hours actually worked. From the continuous course of this employment for 26 weeks, we conclude that the plaintiff was a regular part-time employee.

Section 48-117, Comp. St. 1929, is pertinent. It provides that "the compensation shall be calculated with reference to the wage the workman was receiving from the person by whom he was immediately employed at the time of the injury." Section 48-126, Comp. St. Supp. 1941, governs. It provides in part: "In continuous employments, if im-

mediately prior to the accident the rate of wages was fixed by the day or hour * * * his weekly wages shall be taken to be his average weekly income for the period of time ordinarily constituting his week's work, and using as the basis of calculation his earnings during as much of the preceding six months as he worked for the same employer; the calculation, furthermore, to be made with reference to average earnings for a working day of ordinary length and exclusive of earnings from overtime." Considering section 48-117, Comp. St. 1929, the plaintiff knew the amount of his wage per hour and the contract for hire was for the hours he actually worked. He received the payments therefor and receipted for them. Referring to section 48-126, Comp. St. Supp. 1941, the money rate was 40 cents an hour at the time of the accident, limited, which the plaintiff knew and understood, to the number of hours he actually worked. The amount averaged $7.05 per week for the entire period,—six months, as specified in section 48-126, *supra*. The action is properly under subdivision 3, sec. 48-121, Comp. St. 1929. The minimum compensation rate provided therein is $6 per week.

The foregoing analysis is sustained by *Drum v. Omaha Steel Works*, 129 Neb. 273, 261 N. W. 351; *Gorham v. Kiewit Sons Co.*, 129 Neb. 277, 261 N. W. 353; *Johnsen v. Benson Food Center*, 143 Neb. 421, 9 N. W. 2d 749; and to hold with the plaintiff in this case would require a modification or overruling of the foregoing cases.

The plaintiff relies on *Carlson v. Condon-Kiewit Co.*, 135 Neb. 587, 283 N. W. 220. The factual situation there is entirely different from that in the instant case. The record in the *Carlson* case shows that the most Carlson worked in each week was two days, totaling 11 days in nine and one-half weeks. Obviously, this is not continuous employment. Carlson worked when needed by the defendant, even though it is true that a maximum week of five days and 40 hours was stipulated. The case was governed by the first sentence of section 48-126, Comp. St. 1929, while in the instant case the plaintiff worked continuously under his hourly

employment and every Saturday he worked for 13 hours.

In the case of *Davis v. Lincoln County*, 117 Neb. 148, 219 N. W. 899, the plaintiff was employed at 35 cents an hour, subject to call seven days a week. No agreement was made as to the number of hours he should or could work. As to the number of hours actually worked by the plaintiff the decision is silent. The factual situation, while apparently analogous, is at least not in keeping with *Drum v. Omaha Steel Works, supra*; *Gorham v. Kiewit Sons Co., supra*; and *Johnsen v. Benson Food Center, supra.*

The situation presented in *Cole v. M. L. Rawlings Ice Co.*, 139 Neb. 439, 297 N. W. 652, is not analogous. Cole was definitely discharged from his previous employment and re-hired later on a daily basis; the interim of time from December 10, date of his discharge, and December 28, when re-employed under a new agreement. Under the last agreement the daily wage was certain; the employment was not continuous and certain. In the instant case, the wage was certain; the employment continuous under the contract of hiring. *Weitz v. Johnson*, 143 Neb. 452, 9 N. W. 2d 788, does not support the plaintiff's contention in the instant case. There the employee was subject to call; each job separate and distinct, though based on the sum of 55 cents per hour for an eight-hour day, if, as and when the employee obtained employment. He had to be at a certain place, called by the company when certain jobs were open, not continuous on any one job, as in the instant case. We deem it unnecessary to detail the distinctions in the other cases cited by plaintiff on the factual situation. The change in contract, or the change in working agreement discloses their inapplicability to the state of facts present in the instant case.

We conclude that the plaintiff's employment in the instant case was continuous, the contract of hiring was definite, the amount of pay was known to the plaintiff, he worked in full conformity with his contract of hire, and, under the factual situation, this case is governed by *Drum v. Omaha Steel Co., supra; Gorham v. Kiewit Sons Co., su-*

*pra; Johnsen v. Benson Food Center, supra;* and *Fredrickson Milling Co. v. Fraser,* 124 Neb. 531, 247 N. W. 36.

The plaintiff contends that he is entitled to an added amount of 50 per cent to his compensation payment under that part of section 48-125, Comp. St. Supp. 1941, which reads: "Provided, fifty per centum shall be added for waiting time for all delinquent payments after thirty days notice has been given of disability. Whenever the employer refuses payment, or when the employer neglects to pay compensation for thirty days after injury, and proceedings are held before the Compensation Court, a reasonable attorney's fee shall be allowed the employee by the court." The reason given by plaintiff is that defendants' pleadings admit that plaintiff was entitled to compensation at the rate of $6 per week and concede that he was entitled to compensation for 14 weeks for temporary total disability, and for 140 weeks for permanent partial disability, making a total of 154 weeks; that defendants did not pay compensation to plaintiff up to the time of decree in the district court.

The evidence discloses that the insurance carrier was willing to pay compensation in conformity with the judgment of the workmen's compensation court and in settlement of the claim. The agent of the insurance carrier testified that he contacted plaintiff's attorney, but they were unable to agree upon the compensation rate. On June 17, 1944, the plaintiff filed an offer in the district court to accept payment on account of the amount of $6 per week. Compensation then due pursuant to the award on rehearing was paid into the district court on June 22, 1944. Later an explanation was filed, the effect of which is that the amounts paid were without prejudice to plaintiff's right to maintain claim for any additional amounts.

In dispute at all times was the question as to whether plaintiff's employment was intermittent or continuous; also in dispute were the proper rate of compensation and the percentage of disability. A reasonable controversy existed between the employer and the employee as to the former's liability. Under such circumstances, this court has held:

"Where a reasonable controversy exists between an employer and employee, as to the former's liability under the workmen's compensation act, the employer is not liable for the penalty for waiting time during the time the cause is pending in the courts for final determination." *Claus v. Devere,* 120 Neb. 812, 235 N. W. 450. See, also, *Wilson v. Brown-McDonald Co.,* 134 Neb. 211, 278 N. W. 254.

Plaintiff further contends that an attorney's fee should have been allowed in his behalf in the compensation court, as provided by section 48-125, Comp. St. Supp. 1941. There is nothing in the record to show that defendants neglected or refused to pay compensation, or violated this provision of the statute. Under these circumstances, payment of an attorney's fee is not allowable.

Other contentions of plaintiff have been examined and found to be without merit.

AFFIRMED.