EVA E. LOEFFELHOLZ, APPELLEE, V. ALLIED MUTUAL INSURANCE COMPANY, A CORPORATION, ET AL., APPELLANTS.

158 N. W. 2d 219

Filed April 19, 1968. No. 36841.

Luebs, Tracy & Huebner, Vincent L. Dowding, and William A. Garton, for appellants.

Munro, Parker, Munro & Grossart, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from a judgment of the district court for Merrick County awarding compensation benefits to the plaintiff in the amount of $42 per week for 325 weeks under the provisions of the Nebraska Workmen's Compensation Act. The award is the result of the accidental death of Frank A. Loeffelholz, the deceasd husband of the plaintiff, who at the time of his death was in the employ of the defendant, Earl Gibbons. The issue is the amount of compensation to be awarded. The trial court found that the deceased was engaged in intermittent employment on a contract of hire for $13.94 per day on the day of the accident resulting in his death. The defendants have appealed.

The defendant Gibbons was engaged in trucking and farming. In the past, the deceased had been hired as the occasion demanded to fix fence and haul hay, gravel, seed corn, and other farm products. Gibbons was the owner of two trucks. When need existed for the use of both trucks, he used the deceased to operate the second truck. When Gibbons had no work to be done, deceased worked elsewhere. On January 12, 1966, the deceased, while hauling a load of seed corn from Kearney to Fremont for Dekalb Agricultural Association, Inc., was killed in a highway accident. No question arose as to his employment by Gibbons. The issue raised

is the nature of the employment contract and the rate of compensation to which the widow of the deceased is entitled.

Gibbons was the operator of a commercial trucking business. He hauled for anyone who requested his services. Since 1960, he had hauled for Dekalb during its busy season when its own trucks had been unable to perform all its hauling. The trucking agreement with Dekalb did not specify the amount of seed corn to be hauled nor the number of trips to be made. When a load was ready to be transported, Dekalb called Gibbons, and occasionally the deceased, with Gibbons' truck, proceeded to make the haul. Most of the trips were from the main place of business in Kearney to distribution points in Fremont and North Platte. The transportation rates were understood over the years and new agreements were not made for each trip as the nature of the haul and the price to be paid therefor were well understood. The hauls were made on the basis of need, each trip in effect being a new contract. When the deceased was called to drive on one of the trips, he was to receive one-fourth of the transportation charges paid to Gibbons, plus his expenses, as compensation for his services as truckdriver. On trips from Kearney to Fremont, the pay of the deceased amounted to $13.94 for the day it took to make the trip. The record shows that Dekalb was under no obligation to call Gibbons to do the hauling. It sometimes used other truckers. Gibbons sometimes drove himself and was under no obligation to call the deceased.

The defendant Gibbons contends that, on the day of the accident, the deceased was a pieceworker or an employee whose pay is based on output. A pieceworker or one whose earnings are based on output is an employee whose pay depends upon his capacity, skill, or good fortune. Such employees are described in Gardner v. Kothe, 172 Neb. 364, 109 N. W. 2d 405, and Riggins v. Lincoln Tent & Awning Co., 143 Neb. 893, 11 N. W.

2d 810. In the instant case, the deceased was paid by the trip. In actuality he was paid more on a mileage basis than any other element of the contract of hire. In any event, deceased was not a pieceworker or an employee whose compensation is based on output.

Defendant Gibbons alleges that deceased was engaged in continuous employment and that the award of compensation should be pursuant to section 48-126, R. R. S. 1943. The contract of hire terminated in this case at the end of every trip. Gibbons was under no obligation to again use the deceased. See, Gruber v. Stickelman, 149 Neb. 627, 31 N. W. 2d 753; Newberry v. Youngs, 163 Neb. 397, 80 N. W. 2d 165. Examples of continuous employment, although not full-time employment, are found in Johnsen v. Benson Food Center, 143 Neb. 421, 9 N. W. 2d 749, and Redfern v. Safeway Stores, Inc., 145 Neb. 288, 16 N. W. 2d 196. The deceased in the present case was engaged in intermittent employment as distinguished from continuous employment.

Death benefits under the Workmen's Compensation Act are fixed by section 48-122, R. S. Supp., 1965. Copple v. Bowlin, 172 Neb. 467, 110 N. W. 2d 117. Under this section, the award to be made is based on a percentage of the wages paid under the contract of hire within a minimum and maximum provided in the statute. In the instant case, the deceased was not being paid wages within the ordinary use of the term. He was being paid as compensation for his services one-fourth of the transportation charges. The compensation court, and the district court as well, solved the problem by converting such compensation into a daily wage and fixed the award on that basis.

The evidence shows that the deceased had made the trip from Kearney to Fremont many times during the 2 years previous to his death. It is well established as a 1-day trip for which he had continuously received $13.94 for his services. We find no error by the trial court in converting deceased's earnings into a daily wage rate

and then to a 5-day weekly wage rate under the evidence in this case. See Calascibett v. Highway Freight Co., 18 N. J. Misc. 144, 11 A. 2d 408. We think such a method of determining an award of compensation, under the circumstances here shown, is consistent with the Workmen's Compensation Act and the liberal construction we are required to give it.

It is plain, therefore, that the earnings of the deceased on January 12, 1966, were, the equivalent of a daily wage of $13.94 and a weekly wage of $69.70. This entitles the plaintiff to an award of $42 per week for 325 weeks.

Through oversight, the award made in the district court failed to give credit for payments of compensation made. While the error is recognized as a mistake by both parties and should cause little concern, we direct the correction of the district court judgment to give the defendant credit for the compensation and funeral expenses paid in the estimated amount of $1,439.98.

The judgment of the district court is affirmed as modified and the costs are taxed to the defendant Gibbons, including an attorney's fee of $500.

AFFIRMED AS MODIFIED.