SMITH, Respondent, v. UTAH-IDAHO SUGAR COMPANY, et al, Appellants.

(256 N. W. 261.)

(File No. 7621. Opinion filed September 17, 1934.)

*Caldwell & Burns,* of Sioux Falls, for Appellants.

*J. M. Armstrong,* of Belle Fourche, for Respondent.

POLLEY, J. This appeal grows out of an attempt to recover compensation under the Workmen's Compensation Law (Rev. Code 1919, § 9436 et seq., as amended). The plaintiff was accidentally injured in the course of his employment in the defendant's beet sugar plant. A board of arbitration was waived and a hearing was had before the Industrial Commissioner. The commissioner took the evidece and made the following findings of fact:

"1. That the claimant, John Smith, was on the 20th day of June, 1931, and for some months prior to that time in the employ of the defendant, the Utah-Idaho Sugar Company, at its plant at Belle Fourche, South Dakota.

"2. That the South Dakota Employers Protective Association was at said time the insurer of the said defendant sugar company under the operation of the South Dakota Workmen's Compensation Act.

"3. That said John Smith was accidentally injured on the said 20th day of June, 1931, while at his prescribed work in the course of his employment in said sugar mill plant, removing fertilizer on hand truck; when near a pile of baled sugar sacks weighing several hundred pounds, the pile fell on him, his body striking against the truck, spraining his back and lacerating both legs below the knees."

"5. That prior to the accident of June 20, 1931, the claimant was able-bodied, having never been sick and always in good bodily condition, weighing around 185 pounds; that by reason of said injury he was reduced to a weight of 130 pounds and from the condition of his back was unable to do any sustained work that required lifting or bending without suffering pain in his back; that he has regained some at this time and weighs now about 165 pounds, 20 pounds less than his normal weight.

"6. That the sacro-iliac sprain which he sustained is of such a nature that he is disabled for any work of a remunerative sort, which he as a common laborer is qualified to perform, and that by reason of said injury he is unable to work; X-ray examination revealing that the ilium is tilted forward producing pain when any strain from lifting or movement is made of the spinal column.

"7. That the claimant returned to work under advice of Dr. Threadgold in September, 1931, but that this effort to work aggravated the back trouble to such a degree that he was forced to cease labor; that rest and quiet are required to afford any prospect of ultimate recovery.

"8. That the wages of claimant at the time of the accident and prior thereto was 40 cents per hour for an average day of nine hours, but that his employment was periodic and irregular and that claimant is entitled to compensation of $7.50 per week on the basis of his wage earnings the year prior to said accident, of which $142.50 for nineteen weeks has been paid."

Pursuant to said findings of fact the commissioner made the following conclusions of law:

"1. That claimant is totally disabled for employment and remunerative work by reason of said accident of June 20, 1931.

"2. That defendant insurer is liable to said claimant for compensation in the amount of $7.50 per week until a total of $3,000.00 has been paid, of which amount $142.50 has been paid and receipted for by the claimant herein.

"3. That the claimant is entitled to medical and hospital treatment to the amount of $100.00 of each.

"4. That subject to modification of said Findings of Fact and Conclusions of Law the claimant is entitled to relief as before stated; but that defendant insurer may as provided by law petition for hearing to determine that improvements or recovery of claimant justified a modification thereof or cessation of such payment as ordered."

Upon such findings of fact and conclusions of law the commissioner entered the following award: "It is therefore ordered that defendant insurer pay to the said claimant, John Smith, compensation at the rate of $7.50 per week for total disability until a total of $3,000.00 less $142.50 as already having been advanced and receipted for shall have been paid, a net amount of $2,857.50

or until a further order of the Industrial Commissioner of this state, and statutory medical and hospital fees."

From this award the defendants appealed to the circuit court. Upon the appeal the court made and filed conclusions of law and judgment as follows:

"1. The average annual earnings of the respondent were two hundred times the average daily wage of $3.60 per day, a total of $720.00, and the amount of compensation that the respondent should recover is four times the amount of annual earnings thus computed, a total of $2,880.00.

"2. The average weekly earnings of the respondent were one fifty-second part of $2,880.00, that is to say the sum of $13.846, and the total compensation recoverable should be paid by the employer, Utah-Idaho Sugar Company, and the appellant in weekly installments of fifty-five per cent of $13.846, each such installment to be the sum of $7.61.

"3. The appellant has paid to the respondent, credited upon the obligation of $2,880.00, a total of $142.50, which should be applied in satisfaction of earliest maturing installments to the extent of such total credits, that is for a period of 18.725 weeks, substantially 131 days, so that installments maturing after October 30, 1931, are overdue and wholly unpaid.

"4. The said employer and appellant are indebted to the respondent for interest upon such of the installments of $7.61 as have matured; at the rate of seven per cent per annum from the respective dates of maturity on and after November 6, 1931.

"5. The Findings of Fact and Conclusions of Law and the Order and Award of the Industrial Commissioner should be and are affirmed and adopted by the Court except in the particulars hereinbefore specified, and the respondent should have judgment against the appellant and the employer for the sum of $2,737.50, payable in weekly installments of $7.61 from and after the 6th day of November, 1931, and interest on each installment maturing on and after that date, together with his costs. In the particulars hereinbefore specified, to comply with specific facts found by the Industrial Commissioner and facts stipulated in writing subscribed by the parties, the said Findings of Fact and Conclusions of Law and Order and Award should be and the same are accordingly modified."

## Judgment.

"Upon the decision of the Court and upon the Findings of Fact and Conclusions of Law and Order and Award of the Industrial Commissioner as modified by said decision, and upon the order of the Industrial Commissioner denying a review, and upon motion of the respondent's attorney,

"It is by the Court ordered, adjudged, and decreed that the Findings of Fact and Conclusions of Law and Order and Award of the Industrial commissioner as made and filed September 22, 1932, be and the same are modified in manner and form specified in the decision of the Court and that the same as so modified be and they are hereby affirmed.

"It is therefore considered, ordered, and adjudged that the respondent, John Smith, have and recover of and from the employer, Utah-Idaho Sugar Company, and the appellant, South Dakota Employers Protective Association, the sum of $2,737.50 in installments of $7.61 each, payable weekly from and after November 6, 1931, with interest at the rate of seven per cent per annum on each installment from the date of maturity thereof, all subject to the provisions of the Workmen's Compensation Law, together with his costs in the sum of $21.00, the costs to be hereafter taxed and the amount thereof inserted herein by the Clerk."

From this judgment defendants appeal to this court.

■■ The errors relied on by appellants are predicated upon the insufficiency of the findings of fact to support the conclusions of law and the insufficiency of the evidence to support the award. That proper and sufficient findings of fact are essential to support the award and judgment has been the subject of repeated discussion by this court. Mellquist v. Dakota Printing Co., 51 S. D. 359, 213 N. W. 947; Wieber v. England et al, 52 S. D. 72, 216 N. W. 850; Edge v. City of Pierre, 59 S. D. 193, 239 N. W. 191. Further discussion of the matter would add nothing to what is said in those cases. Suffice it to say that in this case the findings of fact are not sufficient to furnish a basis for the computation of the award; nor is the evidence sufficient to support the award made by the Industrial Commissioner. Therefore the judgment will have to be reversed and the case sent back to the Industrial Commissioner to make such findings of fact as the evidence will sustain and furnish a basis for computing an award.

■ Error is predicated upon the admission by the commissioner of testimony showing the earnings of plaintiff from employment other than that of the Sugar Company. His employment by the Sugar Company was not continuous throughout the year and he had a right to seek such employment as he could find in the intervals. The injury he received while in the employ of the Sugar Company rendered him unable to perform this outside labor and caused the loss of the remuneration therefor; but in the absence of legislation allowing such recovery, he should not be allowed to recover against the Sugar Company, and more especially against the defendant insurance company, on the basis of his combined earnings. This appears to be the generally established rule in such cases. Andrejwski v. Wolverine Coal Co., 182 Mich. 298, 148 N. W. 684, Ann. Cas. 1916D, 724; 6 N. C. C. A. 807; State ex rel Smith v. Industrial Com., 127 Ohio St. 217, 187 N. E. 768; Millard County v. Industrial Commission, 62 Utah 46, 217 P. 974; Village of West Salem v. Industrial Commissioner, 162 Wis. 57, 155 N. W. 929, L. R. A. 1918C, 1077.

The judgment appealed from is reversed, and the case is remanded to the trial court, with directions to proceed in conformity with this opinion.

ROBERTS, P. J., and CAMPBELL, WARREN, and RUDOLPH, JJ., concur.