HUMPHREYS, Respondent, v. SCHUKNECHT CONSTRUCTION CO., et al Appellants

(279 N. W. 246)

(File No. 8142. Opinion filed April 22, 1938.)

114

*Caldwell & Burns,* of Sioux Falls, for Appellants.

*Blaine Simons,* of Sioux Falls, and *Rex M. Shield,* of Salem, for Respondent.

RUDOLPH, J.   The respondent, Humphreys, sustained personal injury while in the employ of the appellant, Schuknecht Construction Company.   The industrial commissioner made an award in favor of the respondent.   This award was affirmed upon appeal to the circuit court.   The employer and insurance carrier have appealed.   The single question involved in the case is whether the industrial commissioner erred in computing claimant's total annual earnings, which formed the basis for the award.

The basis for computing workmen's compensation under our statutes is provided in section 9461, R. C. 1919.   In this case we are concerned with subdivisions 3, 4, 5, and 7 of this Code section, which are as follows:

"3. If the injured person has not been engaged in the employment of the same employer for the full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same employment and same location, or, if that be impracticable, of neighboring employments of the same kind have earned during such period.

"4. As to employes in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as three hundred times the average daily earnings in such computation.

"5. As to employes in employments in which it is the custom to operate for a part of the whole number of working days in each year, such number, if the annual earnings are not otherwise determinable, shall be used instead of three hundred as a basis for computing the annual earnings; provided, that the minimum number of days which shall be so used for the basis of the year's work shall be not less than two hundred.   *   *   *

"7. Earnings, 'for the purpose of this section, shall be based on the earnings for the number of hours commonly regarded as a day's work for that employment and shall exclude overtime earnings.   The earnings shall not include any sum which the employer has been accustomed to pay the employe to cover any special expense entailed on him by the nature of his employment."

The industrial commissioner adopted subdivision 3 as the basis for the award, and found the facts as follows: "3. That the said Benny P. Humphreys had not been employed by the said defend-

ant, Frank Schuknecht, Jr., Construction Co. for the full year immediately preceding the accident; that the annual earnings which persons of the same class of neighboring employments of the same kind have earned during such period amounted to $600.00 per year, plus board at the rate of $1.00 a day, making the total annual earnings $965.00; that the annual earnings of the claimant since the time of the accident and because of said injury were reduced to $672.00."

The evidence disclosed that Humphreys had worked for the Schuknecht Construction Company not to exceed three weeks prior to the accident. The evidence further disclosed that the work in which Humphreys was engaged was hauling gravel by motortruck for road construction, and that this work was of such nature that "it is the custom to operate for a part of the whole number of working days in each year." Mr. Schuknecht of the construction company testified that it was the custom to work only eight or nine months during the year and that it was not possible to work every working day of the eight or nine months of operation. A Mr. Seibert testified that it was the custom to work twelve months during the year but only on an average of twenty working days each month. The testimony of either witness establishes, we believe, that the employment was of such a nature that it was the custom to work only a part of the working days each year, within the meaning of subdivision 5. Subdivision 5 does not relate exclusively to seasonal employments, as do many statutes of similar import (see Annotation 93 A. L. R. 308), but relates to any employment in which "it is the custom to operate for a part of the whole number of working days in each year." This language includes seasonal employments such as threshing (Meyer v. Roettele, 64 S. D. 36, 264 N. W. 191), or work in a sugar-beet factory (Smith v. Utah-Idaho Sugar Co., 63 S. D. 45, 256 N. W. 261), but this court cannot by construction limit this plain language to seasonal employments only. Seasonal employment, as used in workmen's compensation statutes, is generally held to refer to occupations which are carried on only during certain seasons or portions of the year, and it might be that accepting the testimony of Mr. Seibert, the employment in which respondent was engaged was not seasonal. But our statutes refer simply to employments in which it is not the custom to work all of the working days of

the year, and whether this particular employment is seasonal or not seasonal is immaterial, because under all of the evidence it is an employment that comes within the express language of subdivision 5. It is an employment in which "it is the custom to operate for a part of the whole number of working days in each year."

We are, therefore, confronted with facts which apparently bring this case within the meaning of both subdivisions 3 and 5; Humphreys had not been "in the employment of the same employer for the full year immediately preceding the accident," subdivision 3; and he was engaged in an employment "in which it is the custom to operate for a part of the whole number of working days in each year," subdivision 5. However, we believe subdivision 5 must govern. Subdivision 3, we are convinced, relates to employments in which it is the custom to operate all of the working days of the year, and was enacted to meet a situation where the injured person had not been engaged in such employment for the full year preceding the injury. This court virtually so held in the case of Meyer v. Roettele, supra, which involved an injury sustained while claimant was a member of a threshing crew. To apply subdivision 3 to an employment in which it is not the custom to operate all the working days of the year would bring about a result so unjust and inequitable that we are satisfied the Legislature never intended it should apply to such employments. The employment of threshing is a good example. This employment is in existence only a comparatively few working days out of each year. To base a man's annual earnings for the purpose of computing compensation upon the amount it is customary to make working at threshing during the year, would be to limit annual earnings to the amount earned during the few days of the threshing season. It is not permissible to combine earnings in one occupation with earnings in another to determine annual earnings. Smith v. Utah-Idaho Sugar Co., supra. Certainly no such result should be reached without express words in the statute requiring it. Subdivisions 1 and 2 of section 9461 relate to employments which operate throughout all working days of the year, and, we believe, subdivision 3, which immediately follows, relates to the same type of employment. Subdivision 5 furnishes a complete scheme for determining the annual earnings in each case where the employment is such that it is the custom to operate for only a part of the

working days of each year, and this is true whether or not the in-jured person has been employed by the same employer a full year prior to the time of the accident. If the injured person had been employed by the same employer for a full year preceding the injury, and if the annual earnings are not otherwise determinable, then the days actually worked during the year should be used as a basis, subject to the minimum of two hundred; however, if the injured employee had not been employed by the same employer a full year preceding the injury (and such is the case before us), or if, having worked a full year, the annual earnings or the actual number of days worked are not determinable, then the industrial commissioner should determine from evidence the number of days it is customary to work in the particular type of employment, and use this number as a basis, again subject to the minimum of two hundred.

██ In our opinion the basis for computing this award must be subdivision 5 of said section. As we read subdivision 5, it is to be applied so far as the facts here are concerned by determining the number of days throughout the year it is customary to work in the employment in which respondent was engaged, which in no event shall be less than two hundred, and then multiplying this number by the average daily earnings. We believe the record establishes without dispute the average earnings of this respondent. It is undisputed that respondent was to be paid at the rate of 50 cents per hour. Subsection 7 of section 9461 provides: "Earnings, for the purpose of this section, shall be based on the earnings for the number of hours commonly regarded as a day's work for that employment." Respondent testified, and it is without dispute in this record, that ten hours is the basis for a day's work in the employment in which he was engaged. Applying subdivision 7 to this evidence, we think it clear that under this statute respondent's daily earnings must be determined by multiplying the number of hours commonly regarded as a day's work in this employment, which is ten, by the amount respondent was being paid an hour, which was 50 cents. We have a result of five dollars for a day's work when figured under the terms of this statute. True, respondent was employed through the National Re-employment Office, a federal agency, and under the terms of this employment was to work a maximum of forty hours a week at a rate of 50 cents per hour,

but the number of hours he was to work in any one day was not fixed. The fact that respondent was limited to forty hours a week by virtue of his employment coming through this federal agency, we believe, is immaterial, because the statute fixes the method by which a day's earnings are to be determined. The limitation of forty hours a week has no effect when it comes to fixing respondent's daily wage under this statute. The regulations of this federal agency do not amend or suspend the provisions of our statute. Barr v. United Gas Public Service Co., La. App., 162 So. 448; American Smelting & Refining Co. v. Industrial Commission 92 Utah 444, 69 P. 2d 271.

We, therefore, think that applying subsection 5 to the undisputed evidence in this case, the total annual earnings of respondent would be more than found by the industrial commissioner under subdivision 3. The industrial commissioner found the total annual earnings to amount to $965. We think it is undisputed under this evidence that the annual daily earnings of respondent must be determined at five dollars, and multiplying this amount by the minimum number of days that might be used as the basis for a year's work under subdivision 5, gives us a result of $1,000 as the total annual earnings of respondent. As stated above, this amount is more than the amount found by the industrial commissioner. Therefore, we are of the opinion that even though the industrial commissioner erred in his application of legal principles, this error under the undisputed evidence was without prejudice to appellant. Applying the rule announced by this court in the case of Lang v. Jordon Stone Co., 61 S. D. 330, 249 N. W. 314, we believe the judgment must be affirmed. Claimant has not appealed; appellant has not been prejudiced.

The judgment appealed from is affirmed.

All the Judges concur.