LARSON, Respondent, v. JOHNSON, et al., Appellants

(23 N. W.2d 449.)

(File No. 8843.  Opinion filed June 17, 1946.)

**Caldwell & Burns,** of Sioux Falls, for Appellants.
**Frank S. Tait,** of Milbank, for Respondent.

·SICKEL, J. This is a proceeding for the recovery of workman's compensation. Ossian Johnson owned one farm which he operated himself and another farm nearby consisting of a half section which was leased to Lloyd Larson, his stepson, on equal shares, both as to crops and livestock. On October 22, 1942, Larson began picking corn with a mechanical picker for Johnson on the farm operated by Johnson. On the second day Larson was injured while operating the corn picker. The injury resulted in the loss of four fingers and part of the thumb of his left hand, and as a result he was temporarily and totally disabled. Larson was kept in a hospital from October 23, 1942, until December 21, 1942. From that time on he was able to be up and about, and to do some work with one hand. The last time he saw a doctor was on March 10, 1943, at which time the hand was practically healed. The Industrial Commissioner concluded that Larson was injured by reason of an accident arising out of and during the course of his employment by Johnson; that Johnson's liability was insured by the South Dakota Employers Protective Association; that Larson was entitled to recover from defendant and insurer, · for medical services $100; hospital expense $200; total disability nineteen and two-thirds weeks at thirteen dollars and twenty cents per week $259.60; loss of four fingers and the thumb of one hand, one hundred fifty weeks at thirteen dollars and twenty cents $1880. The Commissioner entered judgment in accordance with the above findings, and the employer and insured appealed to the circuit court. There the award of the Commissioner was affirmed and judgment was entered

for the same amount. The employer and his insurer have appealed to this court.

Appellant claims that the respondent was injured while engaged in exchange of work between him and the employer. Neither the Workmen's Compensation Law, SDC 64.0201, nor the insurance contract covers such liability. A careful examination of the record shows evidence sufficient to support the finding of the Commissioner that the claimant was in the employ of Johnson at the time of his injury at an agreed wage of four dollars per day, and that his employment was not an operation in the nature of an exchange of work.

■ The next assignment of error relates to the amount of compensation allowed by the Commisisoner. While the Commissioner made no finding of fact as to claimant's average weekly wages while in the employment of Johnson, the amount of the award indicates that the Commissioner must have taken the four dollar daily wage, multiplied it by six to arrive at the amount of the average weekly wage of twenty-four dollars, fifty-five per cent of which would amount to thirteen dollars and twenty cents. Appellant contends that these finding are not supported by the evidence, and that the computation as made by the Commissioner was not made according to law. No such method of computation as that used by the Commissioner is to be found anywhere in the Workmen's Compensation Law even for a full time employee. The statute requires that compensation shall be based on the average weekly wages of the employee. SDC 64.0404. This section provides the method of ascertaining the average weekly wages under various circumstances. Subdivision (1) relates to "an employment in which it is the custom to operate throughout the working days of the year." Here the evidence shows it was the custom to work only a part of the working days of the year, and therefore Subdivision (1) is inapplicable.

Subdivision (3) of the same section provides:

"As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year, by multiplying the employee's aver-

age days earnings by number of days which it is customary in such employment to operate during a year, but not less than two hundred, and dividing by fifty-two."

This subdivision "furnishes a complete scheme for determining the annual earnings in each case where the employment is such that it is the custom to operate for only a part of the working days of each year." Humphreys v. Schuknecht Const. Co., 66 S. D. 112, 279 N. W. 246, 249. The evidence shows, and the Commissioner found, that the average day's earnings of claimant was four .dollars. This sum multiplied by the minimum of two hundred days produced the amount of the annual wage and that sum divided by fifty-two was the amount of the average weekly wage. Compensation is allowable at the rate of fifty-five per cent of the average weekly wage which, in this instance, amounts to eight dollars and forty-six cents.

It is also contended that the evidence is insufficient to show that claimant was totally disabled for a period of nineteen and two-third weeks, but we are satisfied that the finding of the Commissioner to that affect is supported by the evidence.

■ Appellant says that the evidence does not show the loss of the thumb as found by the Commissioner. SDC 64.0403 (4) provides for the loss of a thumb the compensation shall be "fifty-five per centum of the average weekly wage during fifty weeks," and for the loss of the first phalange of the thumb "one-half of the amounts above specified." The only evidence to be found anywhere in the record on this issue is the testimony of claimant. He was asked on direct examination if his thumb had been taken off "just above the joint," to which he answered "just at the joint." This testimony can only mean that not more than the first phalange of the thumb was lost.

Judgment reversed.

RUDOLPH, P.J., and ROBERTS and SMITH, JJ., concur.

POLLEY, J., not sitting.