R. C. DURR COMPANY, INC.,
Appellant,

v.

Cletis CHAPMAN, Workmen's Compensation Board of Kentucky, and Special Fund, Appellees.

Court of Appeals of Kentucky.

March 10, 1978.

Robert B. Hensley, Horse Cave, for appellant.

John Riehl, Jr., Asst. Counsel, Louisville, for appellees.

Kenneth E. Hollis, Gen. Counsel, Dep't of Labor, Frankfort, for Special Fund.

William Colvin, Greensburg, for Chapman.

Before HOWERTON, LESTER and REYNOLDS, JJ.

LESTER, Judge.

The Workmen's Compensation Board found that Cletis Chapman had become totally occupationally disabled following the work related reinjury to his back that occurred on April 4, 1974, during his employment at R. C. Durr Company. The Board attributed 50% of the occupational disability to this injury alone and required the employer to pay the entire compensation for this portion of the disability. The Board dismissed the Special Fund when it determined Chapman's claim for the back injury he sustained on March 4, 1971, was barred by the statute of limitations. R. C. Durr appeals from the order of the Cumberland Circuit Court affirming the opinion and award of the Board.

R. C. Durr takes issue with the Board's award based on disability arguing that Chapman failed to prove that he sustained any permanent disability from the 1974 injury; that in any event, the evidence did not support a finding of complete occupational disability; but, that whatever disability benefits the Board awarded, it should have apportioned them between the Special Fund and the employer. In addition R. C. Durr challenges the Board's calculation of Chapman's average weekly wage.

Cletis Chapman, 52 years old at the time of his 1974 injury, had spent his working life as a heavy equipment mechanic. He had completed two years of high school when he joined the army during World War II. After the war, he went through a program at the Nashville Diesel College. Over the years, the companies for which he worked provided him with training on various types of heavy equipment. Chapman worked for about four years for R. C. Durr as a master mechanic.

On March 4, 1971, Chapman, while helping overhaul a caterpillar engine, caught the weight of the engine head and injured his lower back. Dr. Kenton D. Leatherman treated Chapman. Dr. Leatherman fitted Chapman with a Williams back brace and Chapman eventually returned to work although he experienced limitations in his ability to labor. Dr. Leatherman estimated Chapman's permanent functional disability as thirty to thirty-five percent to his body as a whole. However, Chapman neglected to timely file his claim which barred recovery for the injury.

On April 4, 1974, Chapman hurt his back once again when he attempted to lift a metal plate to weld onto a dump truck. Dr. Armand Fischer treated Chapman after this incident. Dr. Fischer, in his deposition of March 20th while relating the history of his treatment of Chapman, stated that Chapman went to work as a mine foreman in Williamsburg, Kentucky, on October 26th. Dr. Fischer last saw Chapman on December 21st. Dr. Fischer considered Chapman to have a thirty percent permanent functional disability, fifteen percent of which he attributed to the injury of 1971 and the other fifteen percent he ascribed to an arousal of an already diseased condition of the fourth and fifth lumbar discs. Dr. Fischer apparently felt any disability from the 1974 injury was temporary.

On August 19, 1975, the Board sustained R. C. Durr's motion to make the Special Fund a party and directed Chapman to submit himself, for examination, to Dr. Stanley Collis, appointed pursuant to KRS 342.121. Dr. Collis expressed his opinion that Chapman had a permanent functional disability of eight percent which Collis divided as four percent due to the injury in 1971 and four percent because of the 1974 accident.

■ The testimony of Dr. Collis supplied the Board with adequate evidence that the 1974 back strain caused permanent disability. Appellant's contention that Chapman did not prove permanent disability as a result of the 1974 injury has no merit. *Caudill v. Maloney's Discount Stores*, Ky., 560 S.W.2d 15 (1977).

■ We do not believe that the passing reference in Dr. Fischer's deposition that Chapman had returned to work as a mine foreman enables us to overturn the Board's finding of total occupational disability. We realize that continued regular employment will prevent a determination of total occu-

pational disability. *Yocom v. Spalding*, Ky., 547 S.W.2d 442 (1977); *Winn Dixie Louisville, Inc. v. Watson*, Ky., 473 S.W.2d 148 (1971). However, nothing in the record before the Board revealed whether Chapman continued to work. When questioned further, Dr. Fischer responded that he did not know Chapman's status in regards to work because he had not seen Chapman in two months. Dr. Collis, when asked about Chapman's current work, answered that he did not recall nor did his records reflect a statement by Chapman of present employment. Perhaps Chapman's condition would not permit him to keep his job in the mines; the Board could not tell. Appellant did not pursue the matter. In addition, the proof did not show whether Chapman ever worked regularly after the 1974 injury. We have recently held that the claimant's ability to perform some part-time work will not necessarily preclude a finding of total disability. *Yocom v. Yates*, Ky.App., —— S.W.2d —— (March 3, 1978).

█ Evidence of sufficient probative value tended to show that a 52 year old man who had worked all his life doing strenuous mechanical work could no longer lift heavy objects. We conclude that a sufficient evidentiary foundation existed to support but not compel the Board's finding Chapman incapable of performing any kind of work of regular employment and therefore, totally disabled. *Caudill, supra*, and *Tacket v. Sizemore Mining Co.*, Ky., 560 S.W.2d 17 (1977).

Given the state of the record before the Board, the reasoning of *Yocom v. Keene*, Ky., 512 S.W.2d 27, 29 (1974) guides us:

. . . [I]t would appear as easy for the employer to demonstrate the availability of other regular employment as it is for the claimant to show the lack of it. Considering the appellant's testimony in the light of the fact that his education, work experience and physical condition limit his job opportunities, and in the absence of any countervailing evidence as to the availability of regular work in the area which he could perform, the court is of the opinion that the evidence in the

record is sufficient to sustain the finding of the Board.

As in *Keene, supra*, we simply do not have countervailing evidence of the availability of regular work in the area which Chapman could perform.

█ The Board did not err by not apportioning disability benefits between the Special Fund and the employer. Dr. Collis, in his report to the Board, stated that the 1974 accident caused four percent of Chapman's functional disability. At the time of the 1974 injury, Chapman suffered with an active disability stemming from his 1971 injury. Chapman did not timely file his claim to recover for the 1971 injury and therefore, there cannot be an apportionment for the arousal of his preexisting condition caused by the 1971 injury. Dr. Collis did not base his opinion attributing four percent functional disability from the 1974 injury on the 1971 injury. The Board, in choosing to believe Dr. Collis, correctly placed the entire responsibility for disability benefits upon the employer. *Holman Enterprise Tobacco Warehouse v. Carter*, Ky., 536 S.W.2d 461 (1976).

█ The Board computed Chapman's average weekly wage in accordance with KRS 342.140. The exclusion of overtime or premium pay in KRS 342.140(1)(d) refers to pay in excess of the employee's regular hourly rate because of the extra hours worked. It does not restrict calculation of the employee's average weekly wage to the forty hour week. The Board found that Chapman worked sixty hours per week at a base rate of $6.78 an hour which did not include overtime pay above this base rate. This comes to an average weekly wage of $406.80. The Board had sufficient evidence to make the determination of Chapman's average weekly wage.

The judgment is affirmed.

All concur.