DORIS ELROD, APPELLEE, v. PRAIRIE VALLEY, INC., APPELLANT.

335 N.W.2d 317

Filed June 17, 1983. No. 82-739.

Walter E. Zink II and Diane Bevans Carlson of Baylor, Evnen, Curtiss, Grimit & Witt, for appellant.

John A. Wagoner, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

CAPORALE, J.

In this workmen's compensation case the defendant-appellant, Prairie Valley, Inc., urges that the Workmen's Compensation Court erred by failing to find that the plaintiff-appellee, Doris Elrod, was a seasonal employee. We disagree with that contention

and affirm the compensation court's award on rehearing.

On September 28, 1981, the plaintiff suffered injuries as the result of an accident arising out of and in the course of her employment by the defendant. As a consequence of said accident and injury she incurred hospital and medical expenses and suffered disability.

The amount of the disability benefits is dependent upon plaintiff's average weekly wage. Neb. Rev. Stat. § 48-121 (Cum. Supp. 1982). The formula for computing the average weekly wage depends upon whether plaintiff was engaged in an occupation involving seasonal employment or nonseasonal employment. Neb. Rev. Stat. § 48-126 (Reissue 1978). The question is a mixed one of fact and law. To the extent the determination involves the former, findings of fact made by the Nebraska Workmen's Compensation Court after rehearing will not be set aside on appeal unless clearly wrong. *Novotny v. Electric Hose & Rubber Co., ante* p. 216, 333 N.W.2d 406 (1983). On the other hand, to the extent that a question of law is involved, we are obligated to make our own determination. See, *Ranger Division v. Bayne, ante* p. 251, 333 N.W.2d 891 (1983); *Phelps County Savings Co. v. Dept. of Banking & Finance,* 211 Neb. 683, 320 N.W.2d 99 (1982); *The 20's, Inc. v. Nebraska Liquor Control Commission,* 190 Neb. 761, 212 N.W.2d 344 (1973).

The defendant engages in the seed corn business throughout the year. Plaintiff obtained her employment by responding to a newspaper advertisement placed by the defendant which read, "TEMPORARY HELP WANTED Applications are now being taken for corn sorters needed during harvest. . . ." Defendant's production manager testified that corn sorters are needed only during the corn harvesting season, roughly the period from September to late October of each year. A sorter basically separates the less desirable or malformed ears from the regu-

lar ones and removes husks from those ears on which that had not been done previously. According to the employer, the job cannot be performed at any other time of year. It must be completed soon after the corn ear has been picked in order that the corn may then be dried and further processed for future sale. Removal of the husks makes drying less expensive.

The law in this state regarding what constitutes seasonal employment was last enunciated in *Hiestand v. Ristau*, 135 Neb. 881, 284 N.W. 756 (1939). Therein we said that seasonal employment refers to occupations which can be carried on only at certain or fairly definite seasons or portions of the year, and does not include such occupations as may be carried on throughout the entire year. That being so, we found that since one could be a carpenter throughout the year, plaintiff was not engaged in "seasonal employment," notwithstanding the fact that he was injured while shingling a farm building. We had held earlier, in *Hogsett v. Cinek Coal & Feed Co.*, 127 Neb. 393, 255 N.W. 546 (1934), that employment for the handling and delivery of retail coal was not seasonal employment. In *Gorham v. Kiewit Sons Co.*, 129 Neb. 277, 261 N.W. 353 (1935), we held that bridge building was not seasonal employment or employment dependent on the weather. In *Lincoln Gas & Electric Light Co. v. Watkins*, 113 Neb. 619, 204 N.W. 391 (1925), we held the fact that the employee intended to return to college at the end of the summer did not make his employment seasonal.

The evidence herein establishes that the employer artificially dries the corn to reduce its moisture content. Although the sorting and husk removal are done before the drying operation, there is nothing to establish that sorting must occur prior to drying. It may be more convenient or more profitable for the employer to sort and husk prior to drying, but it cannot be said that climatic conditions prevailing at any given season dictate that sorting occur only at that

time. The plaintiff is, as the compensation court found, a temporary employee, not a seasonal one. The plaintiff is awarded an attorney fee of $750.

AFFIRMED.