**DENIM FINISHERS, INC., and Carol Palmore, Secretary of Labor and Custodian of The Special Fund, Appellants,**

v.

**Rosie BAKER and Workers' Compensation Board, Appellees.**

No. 87–CA–2372–S.

Court of Appeals of Kentucky.

July 22, 1988.

Case Ordered Published by Court of Appeals Sept. 9, 1988.

James G. Fogle, Mills, Mitchell & Turner, Louisville, for appellant, Denim Finishers, Inc.

David R. Allen, Labor Cabinet, Div. of Special Fund, Louisville, for appellant, Carol Palmore (Special Fund).

Dennis Nagle, Barbourville, for appellee, Rosie Baker.

Before HOWERTON, C.J., and DYCHE and REYNOLDS, JJ.

HOWERTON, Chief Judge.

Denim Finishers, Inc., and the Special Fund appeal from a judgment of the Bell Circuit Court increasing the Workers' Compensation Board's award to Rosie Baker. They claim that the court erred in calculating Baker's average weekly wage pursuant to KRS 342.140(1)(d) and by substituting its judgment for that of the Board on an issue of fact. We disagree and affirm.

Baker was employed by Denim Finishers to press pants and was paid $3.45 per hour

for 40 hours per week. If Baker pressed more than 350 pairs of pants during her 40–hour week, she received six cents for each pair above that amount. This was later reduced to two cents. Her weekly wage, including the amount she received for the extra pants, averaged $222.54. The Workers' Compensation Board originally awarded Baker this amount but later reduced the awarded to $138, declaring that the difference was excluded under KRS 342.140(1)(d) as premium pay.

On appeal, the Bell Circuit Court reversed the Board's amended award and held that Baker was in reality paid for her output. The court then concluded that her average weekly wage amounted to $222.54 pursuant to KRS 342.140(1)(d) as output rather than an hourly rate with a premium for extra work. From this judgment, Denim Finishers and the Special Fund appeal.

The appellants first argue that the circuit court was not free to substitute its own judgment for that of the Board because a determination of Baker's wages is an issue of fact and not a matter of law. They claim that as such the Board's order was improperly reversed because the evidence is not so overwhelming as to compel a finding in Baker's favor.

■ We disagree with the appellants' contention that this issue is an issue of fact. While calculation of an average weekly wage is normally a finding of fact, here the facts are undisputed and have been stipulated. The real issue involves the application and interpretation of KRS 342.140(1)(d). Consequently, the Board's finding is due no special weight.

■ Alternatively, the appellants contend that the circuit court erred in its calculation of Baker's average weekly wage. They argue that Baker's employment was based on an hourly rate plus premium pay for extra pants pressed and was not based on output as held by the circuit court. As a result, the appellants claim that Baker is only entitled to $138, since the remaining "premium pay" is excluded by KRS 342.-140(1)(d). We disagree.

The evidence indicates that Baker was not paid premium pay, but rather output pay. While we agree with the appellants that Baker's employment was based on an hourly rate, we do not agree that payment for extra pants pressed constitutes premium pay. To the contrary, all evidence suggests that the extra payment constitutes output pay. Baker was paid six cents for each pair of pants pressed, i.e., her output above 350 pairs of pants. Further, all of the extra money was earned during Baker's 40–hour work week. This element was essential in *R.C. Durr Co., Inc. v. Chapman*, Ky.App., 563 S.W.2d 743 (1978), in distinguishing hourly rate from premium pay. The court declared that "[t]he exclusion of overtime or premium pay in KRS 342.140(1)(d) refers to pay in excess of the employee's regular hourly rate *because of the extra hours worked.*" (Emphasis added.) Baker worked no extra hours. She earned $222.54 consistently during her normal working hours. The circuit court was correct in awarding Baker this amount.

Further, pursuant to CR 76.15(3)(A), the application of CR 76.20 and CR 76.32, as well as other appropriate rules of civil procedure pertaining to further appellate steps, is reinstated effective the date of this opinion.

The judgment of the Bell Circuit Court is affirmed.