**Pete DUBBELDE, Plaintiff and Appellee,**

v.

**JOHN MORRELL & CO., Defendant and Appellant.**

**Nos. 17150, 17170.**

Supreme Court of South Dakota.

Considered on Briefs Jan. 9, 1991.

Decided Aug. 7, 1991.

Bradley G. Bonynge, Sioux Falls, for plaintiff and appellee.

David J. Vickers and Michael S. McKnight of Boyce, Murphy, McDowell & Greenfield, Sioux Falls, for defendant and appellant.

MEIERHENRY, Circuit Judge.

Facts and Procedural History

This appeal stems from a worker's compensation proceeding and appeal to circuit court. On January 8, 1985, Claimant Pete Dubbelde (Dubbelde) sustained an injury to his right shoulder arising out of and during the course of his employment with John Morrell & Company (Morrell). As a result of the injury, Morrell paid Dubbelde worker's compensation at a rate of $227.98 per week. Following an appeal hearing before the State of South Dakota, Department of Labor, Division of Labor and Management (Department), the Department entered a decision determining that Dubbelde was entitled to compensation at a rate of $247.00 per week. The $19.02 increase resulted from the Department including overtime hours in the calculation. Morrell's calculation was based upon a straight 40 hour work week. The Department determined that Dubbelde regularly worked 44.6 hours per week based upon his wage history over the previous year. Morrell appealed the Department's decision to circuit court contending that the Department erred in including overtime hours in its calculation. Morrell argued that no part of Dubbelde's overtime earnings, hours or premium pay, should be considered in calculating the weekly compensation rate.

The Department considered "earnings" defined in SDCL 62-1-1(3) to include all of the hours worked by an employee on a regular and continuous basis, including overtime hours calculated at a regular or straight-time rate. The circuit court concluded that overtime hours may be considered at the straight-time rate when overtime hours are commonly regarded as a day's work. Although the Department and the circuit court used different rationale in their application and interpretation of the statutes, they both found ambiguity in the statute and basically arrived at the same conclusion, *i.e.* that overtime hours at a regular pay rate may be included in calculating compensation rates.[1]

We reverse.

## DECISION

The agency and circuit court erred in determining that overtime hours should be included at the straight-time pay rate under the definition of what constitutes earnings under SDCL 62-1-1(3). Dubbelde's case hinges on an interpretation of South Dakota worker's compensation statutes which set forth a procedure for calculating disability benefits.

■ An interpretation of a statute or question of law in an administrative appeal is fully reviewable. *Beville v. Univ. of S.D./Bd. of Regents*, 420 N.W.2d 9 (S.D.1988). "Questions of law, such as statutory interpretation, are reviewable by the court de novo. No deference is given to the conclusions of law by the trial court or the agency." *Beville* at 9. *See Permann v. Dept. of Labor, Unemp. Ins. D.*, 411 N.W.2d 113 (S.D.1987); *West v. John Morrell & Co.*, 460 N.W.2d 745 (S.D.1990).

■ In South Dakota the weekly compensation rate for disability compensation is equal to sixty-six and two-thirds percent of an employee's weekly wages, not to exceed the state average weekly wage which was $247.00 at the time of Dubbelde's injury. An injured employee's average weekly wage is the employee's earnings computed "as provided in §§ 62-4-24 to 62-4-28, inclusive." SDCL 62-1-1(1). Since Dubbelde had been employed at Morrell's continuously for the previous fifty-two weeks, SDCL 62-4-24 analysis applies and his average weekly wage is determined by dividing the total earnings during the previous fifty-two weeks by fifty-two.

"Earnings" are defined in SDCL 62-1-1(3) as "the amount of compensation for the number of hours commonly regarded as a day's work for the employment in which the employee was engaged at the time of this injury and *shall exclude overtime earnings*," ... (emphasis added). Generally, in the absence of specific statutory exclusion, overtime earnings are usually included in "wages" if they are "regular" or "customary," although not necessarily guaranteed. Larson's Workman's Compensation Law, Vol. 2, § 60.12(d) at 10-646. The South Dakota Legislature specifically excludes overtime in the definition of earnings. Although some states have softened the effect of an express exclusion by holding that regularly worked overtime hours could be included at straight-time pay, we find those cases distinguishable because the statutes of those states are worded differently than the one here at issue. *See R.C. Durr Co., Inc. v. Chapman*, 563 S.W.2d 743 (Ky.App.1978); *Coles v. Seven–Eleven Stores*, 217 Mont. 343, 704 P.2d 1048 (1985).

The wording of SDCL 62-1-1(3) is specific. Even applying a liberal construction in favor of the claimant as both the agency and circuit court strained to do by finding an ambiguity, we cannot overlook the plain

---

1. The Department found an ambiguity in the statute and because of the remedial nature of the worker's compensation laws interpreted the statute liberally to include overtime hours at straight-time pay. The circuit court found ambiguity in the statute because of the conflict in the definition of earnings. The circuit court determined that what is "commonly regarded as a day's work for employment in which the employee was engaged" could include overtime hours thus conflicting with the provision excluding "overtime earnings" and creating an ambiguity. To resolve the ambiguity and to give effect to both provisions of the statute, the circuit court concluded that overtime hours may be considered at straight time rate if included in what is "commonly regarded as a day's work."

meaning of the words, "excluding overtime earnings." *See Wold v. Meilman Food Industries,* 269 N.W.2d 112, 116 (S.D.1978) This Court can only assume that the legislature meant what the statute clearly says, that is, to base worker's compensation benefits *only* upon regular hours at straight time pay.[2]

Dubbelde's regular working day was commonly regarded as eight hours for which he earned regular pay of $8.55 per hour. He is entitled to $227.98 weekly worker's compensation benefits as originally paid by his employer. The decision of the circuit court and the agency is reversed.

MILLER, C.J., and HENDERSON, and SABERS, JJ., and HERTZ, Acting J., concur.

AMUNDSON, J., not having been a member of the court at the time this action was submitted did not participate.

MEIERHENRY, Circuit Judge, for WUEST, J., disqualified.

---

**2.** The established precedent of statutory construction is "to give words and phrases their plain meaning and effect.... This Court assumes that statutes mean what they say and that legislators have said what they meant...." (cites omitted) *Petition of Famous Brands, Inc.,* 347 N.W.2d 882, 885 (S.D.1984).